By the Court.
 

 This is an error proceeding brought to this court from the Court of Appeals
 
 *328
 
 of Cuyahoga county, the cases having originated in the court of common pleas of that county as suits to recover moneys alleged to have been illegally paid to the judges of the court of common pleas of that county. The legal questions involved grow out of the following facts and circumstances :
 

 On February 4, 1920 (108 O. L., pt. 2, 1301), the Ohio Legislature passed an act to amend Section 2252, Gleneral Code, so as to increase the salaries of common pleas judges of the state. Certain judges holding office at and prior to the passage of that amendment claimed the benefit of its provisions, and, on June 1, 1920, after the law had gone into effect, demanded that the county auditor pay. to them the amount of the increase. The auditor declined, because of the provisions of Section 14, Article TV of the Constitution, the pertinent provisions of which are as follows:
 

 “The judges * * * of the court of common pleas shall, at stated times, receive for their services, such compensation as may be provided by law, which shall not be diminished, or increased, during their term of office. * * *”
 

 Thereupon actions in mandamus were brought in the common pleas court to compel such payment, and upon hearing the court awarded the writ of mandamus, and, according to the allegations of the pleadings in the instant cases, “the court entered judgment granting said writ and found that the said plaintiffs in said action * * * were entitled to the increase in said salary from the said county of Cuyahoga as provided for in said Sections 2251 and 2252 as amended.” Neither
 
 *329
 
 error nor appeal was prosecuted from that judgment, and upon the same becoming final by limitation the county auditor paid the salaries from and after May 20, 1920, to and including April 16, 1921. On the latter date the prosecuting attorney, believing that the former judgment in mandamus was erroneous, commenced an action to enjoin further payments, but did not in the same action seek to recover any of the payments already made. The injunction suit ran the gauntlet of all the courts, and was finally heard in this court, where the injunction was sustained. Thereafter the prosecuting attorney brought another action to recover all payments except the payment of June 1, 1920, and upon all these matters being set up in answers filed by the respective judges demurrers to the answers were overruled. Upon appeal to the Court of Appeals the demurrers were sustained. Thereupon error was prosecuted to this court upon allowance of motions to certify the records.
 

 It should be stated at the outset that this court is unanimously of the opinion that the aforesaid amendment to Section 2252, General Code, could not apply to judges then in office, because of the provisions of Section 14, Article IV, of the Ohio Constitution.
 

 There is majority concurrence among the members of this court upon the further proposition that the determination in the original mandamus suit of the right of the judges to draw the additional salary was not such a finality as would preclude a further inquiry into that matter in a new suit, such as the injunction suit which was in fact filed
 
 *330
 
 in 1921, and snob, was tbe bolding of tbis court by tbe concurrence of six members in tbe final determination of tbe injunction suit, as shown by tbe
 
 per curiam
 
 opinion in
 
 Zangerle, County Auditor,
 
 v.
 
 State, ex rel., Stanton, Pros. Atty.,
 
 reported in 105 Ohio St., 650, 138 N. E., 927:
 

 “Tbe majority of tbe judges of this court are of tbe opinion and find that tbe matters involved in tbis proceeding were not ■ adjudicated in tbe former litigation referred to in tbe pleadings.”
 

 That language was only decisive of tbe controversy then pending, to wit, whether future payments should be enjoined, notwithstanding tbe earlier determination in tbe mandamus suit. The question of tbe intermediate payments from June, 1920, to April, 1921, was not before tbe court in tbe injunction controversy, and tbe legality of those payments was not determined by tbe language quoted.
 

 It only remains to be determined by tbis judgment whether or not by virtue of the judgment of tbe court of common pleas in tbe mandamus suit, which was never reversed or modified, tbe county auditor and tbe common pleas judges bad a right to rely upon tbe legality of those payments.
 

 In an elaborate argument counsel representing tbe common pleas judges have advanced several reasons why tbe payments were legal in law and in fact, and other reasons why tbe common pleas judges and tbe county auditor bad a right to rely upon tbe common pleas decision as establishing their legality, until that decision bad been overturned by collateral attack. It is only necessary
 
 *331
 
 that one reason exist for the legality of the action of the auditor and the common pleas judges, and we are of the opinion that that reason can be found in the decision in the mandamus suit, and that thafi decision must be held to be conclusive of the matter until overturned; that any payments made by the auditor, pursuant to the mandate of the court in that case, so long as it stood against either direct or collateral attack, were not only legal, but authorized. It was in the first place the duty of the auditor to submit the question to the test of litigation, and it having received the adjudication of a court of competent jurisdiction it was not the duty of the auditor to require that each succeeding payment be subjected to the same test. This should especially be held to be true under the allegations of the amended answer in this case, setting forth the finding of the common pleas court in that case, which finding has been heretofore quoted. <"
 

 This proceeding being a suit to recover moneys alleged to have been illegally paid, the legal question presented for determination is the legality or illegality of the action of the officer making the payment. It is difficult to see how the auditor could have done otherwise, until a further test of the matter had been made in a proper proceeding. In this case, if any judgment could be rendered against the common pleas judges, it follows that a like judgment could be rendered against the county auditor, and it would not be consonant with justice to compel him to restore to the county treasury moneys which he had paid out in exact
 
 *332
 
 compliance with the orders of a court of competent jurisdiction, which required him to. make the payments in the first instance. The judgment of the Court of Appeals will therefore be reversed, and the judgment of the court of common pleas will be affirmed.
 

 Judgment reversed.
 

 Marshall, C. J., Robinson, Jones, Matthias and Day, JJ., concur.
 

 Allen, J., not participating.