Bd. of County Commrs. of Allen County *v.* Andrews.█

[Cite as Bd. of County Commrs. v. Andrews (1976), 50 Ohio App. 2d 375.]

(No. 1-76-8—Decided August 5, 1976.)

*Mr. Lawrence S. Huffffman,* prosecuting attorney, for appellants.

*Messrs. Bowers, White & Demeo, Messrs. Bricker, Evatt, Barton & Eckler,* and *Mr. Russell Leach,* for appellee.

Reilly, J. This is an appeal from a judgment of the Court of Common Pleas of Allen County. The record shows that appellant filed the following complaint which, to avoid any misunderstanding, is quoted virtually verbatim:

"In compliance with the duties and regulations prescribed by Sections 117.10 and 117.11 of the Revised Code of Ohio, plaintiff alleges the following facts, including those set forth in the report of the Auditor of the State of Ohio, Bureau of Inspection and Supervision of Public Offices, a certified copy of which has been filed with the Office of the Prosecuting Attorney of Allen County, and hereby incorporated into this complaint as Exhibit A.

"1. Plaintiffs, The Board of County Commissioners of Allen County, Ohio, and The City of Lima, Ohio, are bodies

politic and corporate and political subdivisions of the State of Ohio.

"2. Defendant, Roger Andrews, resides in the City of Lima, in the County of Allen, State of Ohio.

"3. At all times mentioned herein, defendant Roger Andrews was and still is a Judge of the Lima Municipal Court.

"4. Defendant Roger Andrews was elected to said office in November, 1967, for a term of six years to commerce January 1, 1968. Defendant qualified for said office and entered on the discharge of the duties thereof on January 1, 1968.

"5. The compensation provided for said office when defendant Roger Andrews was elected was fixed by ordinance No. 120-67 passed June 26, 1967 at $16,300 per annum for the term beginning January 1, 1968, and

"5. The compensation provided for said office when defendant Roger Andrews was elected was fixed by ordinance No. 120-67 passed June 26, 1967 at $16,300 per annum for the term beginning January 1, 1968, and ending December 31, 1973. The presiding judge of Municipal Court was also allowed an additional $500 per annum, pursuant to Ohio Revised Code Section 1901.11. Defendant received compensation for Allen County and The City of Lima in accordance with said legal rate of compensation from January 1, 1968 to September 28, 1970.

"6. On September 28, 1970, The City of Lima passed Ordinance No. 195-70 authorizing the payment to defendant Roger Andrews of certain purported withheld compensation from January 1, 1970 to September 30, 1970.

"7. The total amount of such increased compensation paid to defendant Roger Andrews, as shown by the records of the Auditor of The City of Lima and information furnished by the Allen County Auditor, for the period of January 1, 1970, to December 31, 1972, was $11,033.64, of which $6,713.31 was paid by the City of Lima and $4,320.33 was paid by Allen County.

"8. Said in term increase in compensation paid to defendant Roger Andrews was in violation of Article II, Sec-

tion 20 of the Ohio Constitution and in violation of Ohio Revised Code Section 731.07 and was therefore illegal.

"9. Notwithstanding the finding for recovery against defendant Roger Andrews and in favor of The City of Lima and Allen County for the illegal increase in compensation totalling $11,033.64 for the period of January 1, 1970, to December 31, 1972, made by the Bureau of Inspection and Supervision of Public Offices (Exhibit A) and of which the defendant was given notice (Exhibit B) at the time this complaint was filed no amount of said increased compensation has been repaid by the defendant to either Allen County or The City of Lima.

"10. By reason of the foregoing facts, the funds and estate of Allen County and The City of Lima have suffered waste and injury and said Allen County and The City of Lima have sustained damages of $4,320.33 and $6,713.31 respectively for a total of $11,033.64 with interest thereon from the respective dates of payment to defendant, Roger Andrews.

"Wherefore, plaintiff prays judgment as follows:

"(a) Declaring that the aforementionad in-term increase in compensation paid to defendant Roger D. Andrews was in violation of Article II, Section 20 of the Ohio Constitution and in violation of Ohio Revised Code Section 731.07 and therefore is public money due and not collected.

"(b) Ordering judgment in favor of Allen County in the sum of Four Thousand Three Hundred Twenty and 33/100 Dollars ($4,320.33) and in favor of The City of Lima, Ohio, in the sum of Six Thousand One Hundred Thirteen and 31/100 Dollars ($6,113.31) and ordering defendant Roger D. Andrews to repay into the treasury of plaintiff Allen County and The City of Lima all monies received by him from said county and city as such increased compensation, together with interest thereon at the rate of six percent (6%) per annum from the dates of payment to defendant. * * *"

Appellee filed a motion to dismiss for failure to state a claim upon which relief could be granted and for lack of

jurisdiction over the subject matter. The trial court sustained the motion.

This appeal was duly filed, and appellant assigns as error that the decision of the trial court is contrary to law.

The title of Amended H. B. 920 (135 Ohio Laws, Part 1, p. 1968) specifically reads: "To prohibit proceedings to recover payment of compensation to certain judges in respect of services after May 7, 1968, and to declare an emergency." Therefore, it essentially involves a prohibition which is a bar to recovery of compensation to "any judge of any court established by law," which includes judges of Municipal Courts. Section 1 of the statute specifically reads as follows:

"Notwithstanding sections 309.12, 309.13, 733.53, 733.-56, and 733.59 of the Revised Code, no prosecuting attorney, city solicitor, or other person shall institute or maintain proceedings to recover compensation paid to any judge of any court established by law if the payments were in respect of service on the court rendered subsequent to May 7, 1968, and were in accordance with section 1901.11, 1903.90, 1907.081, or former section 2153.04 of the Revised Code. No court shall have jurisdiction over any action brought in violation of this section."

This statutory language is quite plain. Simply stated, the statute prohibits a claim against appellee upon which relief can be granted. The General Assembly has acted and the language of the statute excludes any doubt concerning legislative intent.

Furthermore, we find the statute constitutional. Amended H. B. 920 does not provide for in-term salary increases. It does not authorize the payment of salaries exceeding those which existed at the beginning of judicial terms of office. The General Assembly grants a prosecutor authority to collect sums illegally paid from the public treasury. It follows therefore that the General Assembly may also negate, or qualify, such authority.

Finally, the fact that this action was pursued under R. C. 117.10 is not beyond the scope of Amended H. B. 920, although counsel for appellant contends that only actions within the code section enumerated in Section 1 of the bill

are included in the prohibition provisions. The bill, or statute, must be construed according to the intent of the General Assembly. The fundamental rule is expressed in 50 Ohio Jurisprudence 2d 230, Statutes, Section 247 as follows:

"General Rules as to Considering Object and Purpose. In accordance with the presumption that legislative enactments have an object or purpose, the court in construing a statute may properly look to the objects and purposes sought to be accomplished. It has been said that the purpose sought to be accomplished by the enactment of a statute is one of the pole stars of statutory construction, and that statutes are to be given a fair and reasonable construction in conformity to their general object in order to effectuate such object and purpose, and should not be given such an interpretation as would thwart that purpose. *If the words and language are susceptible of two constructions, one of which will carry out, and the other defeat, such manifest object and purpose, they should receive the former construction. * * *"* (Emphasis added.)

The legislature's intent that Amended H. B. 920 include 117.10 is demonstrable by comparing R. C. 309.12, which is referred to in the statute, with R. C. 117.10, since both sections grant the prosecutor a cause of action to sue for funds illegally drawn from public accounts. R. C. 117.10 provides for an action when there is an auditor's report finding public funds illegally spent, while a prosecutor, within R. C. 309.12, may bring an action "upon being satisfied" that public funds have been illegally withdrawn. Both statutes establish identical actions by the prosecutor, except that R. C. 309.12 is not categorically restricted to cases involving an auditor's report.

A reasonable construction of Amended H. B. 920, particularly including the title, is that the General Assembly did not intend to prohibit a prosecutor from bringing an action to reclaim illegally withdrawn public funds pursuant to R. C. 117.10, but nonetheless, allowed the same action by another statute. In accordance with the above citations, it has been traditionally and consistently held that statutes should be construed to reflect the intent of

the legislature, and all parts should, wherever possible, be joined and interpreted in accordance with the basic objectives intended to be accomplished.

The trial court applied and followed the reasoning "of the Columbus and Cleveland cases," which included *Baer v. State, ex rel. Stanton* (1924), 111 Ohio St. 327; *Young v. Price*, unreported, Franklin County Court of Common Pleas No. 236620; and *State, ex rel. Gillie*, v. *Warren* (1973), 36 Ohio St. 2d 89. Although there may have been some doubt as to the applicability of those cases to the present situation, such doubt has been resolved by *State, ex rel. Parsons*, v. *Ferguson* (1976), 46 Ohio St. 2d 389, a recent decision of the Supreme Court. The court wrote, at page 392:

"* * * Payments which are made in good faith and under color of law cannot ordinarily be recovered, even though the payments are later found to be unconstitutional. *State, ex rel. Hunt*, v. *Fronizer* (1907), 77 Ohio St. 7, 82 N. E. 518; *Thomas v. State, ex rel. Gilbert* (1907), 76 Ohio St. 341, 81 N. E. 437. In *State, ex rel. Gillie*, v. *Warren* (1973), 36 Ohio St. 2d 89, 93, 304 N. E. 2d 242, the court concluded that:

" ' * * * where a municipal judge has been paid an "in term" salary increase under a higher court determination directing the same, that money shall not be recoverable, having been paid in good faith under a then lawful though ultimately determined to be erroneous court order.' "

Therefore, for the foregoing reasons, the judgment of the trial court is not contrary to law. Appellants' assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

HOLMES P. J., and WHITESIDE, J., concur.

HOLMES, P. J., REILLY and WHITESIDE, JJ., of the Tenth Appellate District, sitting by designation in the Third Appellate District.