By the Court.
 

 The first and fundamental question presented in this proceeding is whether relator is entitled to an increase in compensation during his term of office as county commissioner.
 

 His present term as county commissioner began January 1,1937, when Section 3001, General Code (108 Ohio Laws, Pt. 2, 1120), provided that the annual compensation of each county commissioner should be determined by the aggregate of the tax duplicate for real estate and personal property of a county, with certain minimum and maximum limitations. The General Assembly passed an act amending Section 3001, General
 
 *430
 
 Code (117 Ohio Laws, ..., H. B. No. 147, Section 1), by providing that the compensation of each county commissioner should be determined by population of a county, with other provisions as to minimum and maximum not involved in this litigation.
 

 A writ of mandamus is sought from this court to compel the county auditor to issue and deliver a voucher to the relator for the additional sum claimed due him under the amended section, which section became effective August 5, 1937, and increased the compensation of county commissioners. A demurrer was filed to the petition.
 

 Section 20, Article II of the Constitution provides that “The General Assembly, in cases not provided for in this Constitution, shall fix the term of office and the
 
 compensation
 
 of all officers; but no change therein shall affect the
 
 salary
 
 of any officer during his existing term, unless the office be abolished.” (Italics ours.)
 

 Counsel for relator contends that the words “compensation” and “salary” are not synonymous; that the word “compensation,” and not the word “salary,” is used by the General Assembly throughout the former Section 3001, General Code; that the remuneration fixed by the Legislature for a public officer may be “compensation,” “salary,” or both; that no “salary” was provided for county commissioners under the former statute for the reason that certainty was wanting due to the fact that the aggregate tax duplicate annually fluctuated, but that under the amended section certainty of computation is provided because remuneration is based upon a definitely ascertainable federal census; and that, therefore, since former Section 3001 provided for “compensation,” the inhibition contained in Section 20, Article II, does not bar a county commissioner whose term began prior to August 5, 1937, from receiving the “compensation” provided by amended Section 3001.
 

 Counsel for relator contends that the distinction be
 
 *431
 
 tween “compensation” and “salary” is made more manifest by considering that “the word ‘salary’ appears in no other section of the Ohio Constitution and there must have been some reason for including it in the last member of the compound sentence which comprises said Section 20, instead of repeating the word ‘compensation.’ ” He cites several nisi prius opinions in support of his distinction between these words.
 

 We direct attention to the provision of Section 7, Article IV of the Constitution, which provides that probate judges “shall receive such
 
 compensation,
 
 * * * as shall be provided by law” (italics ours), and to the decision of this court in
 
 State, ex rel. Lueders, Probate Judge,
 
 v.
 
 Beaman,
 
 106 Ohio St., 650, 140 N. E., 396, wherein' it was held that the inhibition contained in Section 20, Article II of the Constitution, applied to increasing the compensation during the term of office of an incumbent probate judge.
 

 No additional or increased duties had been assigned to the incumbent when that case was under consideration and additional or increased duties are not pleaded in this proceeding.
 

 Having disposed of the fundamental question, consideration need not be given to the question as to whether money to pay the claim was lawfully appropriated.
 

 The demurrer to the petition will be sustained and a writ of mandamus will be denied.'
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gtorman, JJ., concur.