THE STATE, EX REL. EDGECOMB, CLERK, CUYAHOGA FALLS
MUNICIPAL COURT, APPELLEE, *v.* ROSEN, DIR. OF
FINANCE, ET AL., APPELLANTS.

(No. 71-139—Decided March 1, 1972.)

116

*Messrs. Brown, Holder & Eshelman* and *Mr. William P. Holder, Jr.,* for appellee.

*Mr. Norman W. Holt, II,* director of law, *Mr. Donald R. Morris* and *Mr. Richard N. Williams,* for appellant Donald Rosen, Director of Finance.

*Mr. Robert E. Mohler,* prosecuting attorney, and *Mr. John D. Smith,* for appellants C. L. Bower, Auditor, and Arthur E. Swanson, Treasurer.

CORRIGAN, J. The question to be decided in this appeal is whether appellee, a Municipal Court clerk, is entitled to a salary increase during her term of office.

Section 20, Article II of the Ohio Constitution, provides:

"The General Assembly, in cases not provided for in this Constitution, shall fix the term of office and the compensation of all officers; but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished."

Two arguments are advanced by appellee in support

of her claim that, despite the provisions of Section 20, Article II of the Constitution, she is entitled to a salary increase during term. The first is that, by virtue of the amendment of Section 6 of Article IV of the Ohio Constitution in 1968 and court decisions interpreting that amendment, an in-term salary increase has been afforded Municipal Court judges\*; that her salary is a fixed percentage of the salary received by the Municipal Court judge; and that she is therefore entitled to an increase.

Appellee's contention here is that, since she is an official of the Municipal Court, Section 6, Article IV, should be interpreted to include Municipal Court clerks as officers "provided for" in the Constitution to whom the prohibitions of Section 20, Article II, do not apply.

An examination of Section 6, Article IV, reveals that that section refers to certain judicial offices only and that no mention is made therein of clerks of courts. Thus, appellee's office is not a "provided for" position under the Ohio Constitution, and Section 20, Article II, is applicable to appellee.

Appellee's second argument is that R. C. 1901.31(C) was enacted prior to her taking office on January 1, 1968, and that there has been no change in the statute which would affect the basis for calculating her salary. Stated differently, this argument is that the General Assembly has not changed the statutory formula used for computation of her salary, but that the application of the existing statute merely requires a recalculation of her salary based upon the increase allowed to Municipal Court judges.

In support of this contention, appellee cites *State, ex rel. Mack,* v. *Guckenberger* (1942), 139 Ohio St. 273.

In that case, the court, as stated on pages 274 and 275, was concerned with the question " * * * whether a statute, effective before the commencement of the term of a common pleas judge, whereby his compensation is

---

\*This court had not passed upon the correctness of these decisions and it was not necessary for us to do so in the case at bar, but see *State, ex rel. Wallace,* v. *Celina* (1972), 29 Ohio St. 2d 109.

automatically increased during the term by reason of the increase of the population of his county as shown by a federal census effective after the beginning of the term * * *'' conflicted with former Section 14, Article IV, which read, in part:

"The judges of the Supreme Court, and of the Court of Common Pleas, shall * * * receive * * * such compensation as may be provided by law, which shall not be diminished, or increased, during their term of office * * *.''

The court there reasoned, at page 279:

"* * * The command * * * 'shall not be diminished or increased,' is in the passive voice, denoting that the subject (in this case compensation) of which it is the predicate, is not acted upon. Acted upon by whom and when? Clearly, by the Legislature and during the 'term.' ''

The holding based on that reasoning is expressed in paragraph three of the syllabus which reads:

"A statute, effective before the commencement of the term of a common pleas judge, whereby his compensation is automatically increased during his term by reason of the increase of the population of his county as shown by a later federal census, is not in conflict with Section 14, Article IV of the Constitution, which provides that the compensation of a judge of the Common Pleas Court 'shall not be diminished or increased during his term of office.' ''

The *Guckenberger* case and the present case are similar in that in each case the salary is based upon a contingency expressed in a statute, and the statute was not changed after the officeholder assumed office. There is, however, one fundamental difference which makes *Guckenberger* distinguishable and not controlling in the instant case. There, the happening upon which the salary increase was predicated was a population increase, an event which made the increase *automatic,* without further legislative action.

Here, although appellee's salary is based upon that of the Municipal Court judge, an *act of the General Assembly raising the judge's salary was a condition precedent to an increase in appellee's salary.* The salary terms in

R. C. 1901.31(C), although pre-set themselves, required a legislative act providing an increase in the salary of the Municipal Court judge to, in turn, provide an increase for appellee.

By granting an increase to Municipal Court judges the General Assembly concomitantly made a "change" in the compensation of Municipal Court clerks to whom the provisions of R. C. 1901.31(C) were applicable which would "affect" the salary of such clerks. Such a change is prohibited by Section 20, Article II, from affecting the salary "of any officer during his existing term." Therefore, appellee is not now entitled to the increase allowed by R. C. 1901.31(C).

We hold that where the General Assembly by legislative enactment increases the salary of a Municipal Court judge, thus entitling the clerk of a Municipal Court to an increase in salary under R. C. 1901.31(C), such increase is not payable to an incumbent clerk during his existing term, as such act by the General Assembly constitutes a "change" in compensation affecting the salary of an officer "during his existing term" which is proscribed by Section 20, Article II of the Ohio Constitution.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, WILEY and LEACH JJ., concur.

RUTHERFORD, J., concurs in part and dissents in part.

WILEY, J., of the Sixth Appellate District, sitting for DUNCAN, J. JUDGE WILEY of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE DUNCAN and JUDGE WILEY did so and heard and considered this cause prior to the resignation of JUSTICE DUNCAN on November 28, 1971.

RUTHERFORD, J., of the Fifth Appellate District, siting for STERN, J.

RUTHERFORD, J., concurring and dissenting. I concur in the holding of paragraph one of the syllabus that the prohibitions of Section 20, Article II of the Constitution are applicable to the clerk of a Municipal Court. I dissent from the holding of paragraph two of the syllabus as it is made applicable to the facts of this case and from the judgment.

The Cuyahoga Falls Municipal Court territory has a population of 100,000 or more.

Ever since Municipal Courts were established the General Assembly, by statute which remains unchanged, has provided, in relevant part:

"In territories having a population * * * of one hundred thousand or more * * * the clerk shall receive annual compensation in a sum equal to eighty-five percent of the salary of a judge of such court."

See G. C. 1610(C), effective June 13, 1951, and the current statute, R. C. 1901.31(C), which are identical.

As set forth, *supra*, in the majority opinion, the salaries of Municipal Court judges have also been determined by formula enacted by the General Assembly, the factor used in application of the formula being a percent per capita based upon population of the territory.

In *State, ex rel. Mack*, v. *Guckenberger* (1942), 139 Ohio St. 273, the question presented, as stated at pages 274 and 275, in the opinion, was "whether a statute, effective before the commencement of the term of a common pleas judge, whereby his compensation is automatically increased during the term by reason of the increase of the population of his county as shown by a federal census effective after the beginning of the term" was in conflict with former Section 14, Article IV of the Constitution, as then in effect, which read, in part:

"The judges of the Supreme Court, and the Court of Common Pleas, shall, at stated times, receive, for their services, such compensation as may be provided by law, which shall not be diminished, or increased, during their term of office."

In that case, the per capita factor used in application of the formula had changed during term but the formula fixed by the General Assembly prior to term remained unchanged. The court held, upon the facts of the case, as stated in paragraph three of the syllabus, that:

"A statute, effective before the commencement of the term of a common pleas judge, whereby his compensation is automatically increased during his term by reason of the increase of the population of his county as shown by a later federal census, is not in conflict with Section 14, Article IV of the Constitution, which provides that the compensation of a judge of the Common Pleas Court shall not be diminished or increased during his term of office."

Of more importance is the holding of paragraph two of the syllabus, which reads:

"One of the tests of the constitutionality of a statute is whether it attempts to validate and legalize a course of conduct, the effect of which the Constitution specifically forbids."

No one has contended that the statute, enacted prior to term, which provides a fixed formula for determining the clerk's compensation rather than providing a fixed dollar amount is unconstitutional.

The conclusion that the formula cannot be applied to the factor specified therein—to wit, a judge's salary, if the judge's salary has been altered by an act of the General Assembly which becomes effective during the clerk's term of office—seems to be based upon an assumption that the purpose of the General Assembly in providing an increase in the judge's salary was to provide for an increase in the clerk's salary. In my opinion, the record does not support such an inference or finding. If that was the case, I would concur in the finding that the Constitution forbids such a course of conduct. In the instant case, the evidence refutes a finding of such a course of conduct for the General Assembly amended R. C. 1901.11, not only as to salaries of those judges whose clerks are compensated in an amount equal to a percentage of the judge's salary, but amended

that section relative to the salaries of all Municipal Court judges irrespective of the manner in which the salaries of the clerks of said courts are fixed.

In my opinion, all that can be found from the record is an incidental change of the clerk's salary occurring by chance due to application of a valid, fixed formula enacted prior to term as applied to a valid factor resulting from amendment of a statute by the General Assembly solely for the purpose of fixing compensation of the Municipal Court judges.

When relator ran for the office of clerk she did so with the understanding that she was taking a chance, knowing that her compensation would be dependent upon a fixed formula rather than a fixed dollar amount; also, knowing that the fixed formula could not be changed by legislative action made applicable to her during term.

Further analysis of Section 20, Article II of the Constitution, indicates that it is a change in the fixed formula determination of compensation enacted prior to term which is prohibited to the extent that no change *therein* shall affect the salary of the clerk during his existing term. Said Section 20, Article II of the Constitution, reads, in pertinent part:

"The General Assembly * * * shall *fix* * * * *the compensation* * * * but no change *therein* shall affect the salary of any officer during his existing term * * *." (Emphasis added.)

The word "therein" refers to the compensation fixed —in this case by fixed formula rather than dollar amount. Thus, the prohibition against change in the fixed compensation is a prohibition against that which effects any change in the formula fixed prior to term so as to affect during term the salary which the clerk would otherwise receive under the fixed formula absent any change *therein*.

Nevertheless, this court, by judicial decree, and in my opinion in violation of the constitutional prohibition of Section 20, Article II of the Constitution, has rendered judgment, the effect of which alters the formula fixed by

legislative action prior to term, for the clerk under the judgment rendered will receive as compensation a sum equal to a lesser percentage of a judge's salary than that provided for by the fixed statutory formula in effect when she took office.

For the reasons I have set forth, I would affirm the judgment of the Court of Appeals, adjudging that the appellee herein is entitled to the increase in salary provided by the formula set forth in R. C. 1901.31(C), and subject to limitations contained therein. Any further consideration of the effective date of recalculation or the result thereof would involve only moot issues, following the judgment rendered in accordance with the majority opinion.