62

THE STATE, EX REL. ARTMAYER, APPELLANT, *v.* BD. OF
TRUSTEES OF DELHI TOWNSHIP, APPELLEE.

(No. 74-654—Decided July 2, 1975.)

*Messrs. Lindhorst & Dreidame* and *Mr. William J. Walsh*, for appellant.
*Mr. R. Patrick Riley*, for appellee.

O'NEILL, C. J. The statutory scheme for setting the remuneration for township clerks, R. C. 507.09, is divided into three main parts. Subsection (A), which is not at issue here, sets the fees the clerk may charge for particular services. Subsection (B) allows the board to determine the "salary" the clerk shall receive, up to the specified maximum. Subsection (C), which applies where the township budget is $5,000 or over, gives the clerk additional "compensation" according to the formula contained therein.

Section 20, Article II of the Ohio Constitution, provides:

"The General Assembly, in cases not provided for in this Constitution, shall fix the term of office and the compensation of all officers; but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished."

Township clerks are in the class of officers affected by that section of the Ohio Constitution. Appellant urges, however, that the prohibition of Section 20 relates only to "salary" and not to "compensation." It is his position that the 1972 amendment to Subsection (C) of R. C. 507.09 is unaffected by Section 20 since Subsection (C) refers only to "compensation."

This court disagrees. That argument has been presented to this court on numerous occasions in the past, and,

with the exception of two very early cases, has been uniformly rejected.

In *State, ex rel. DeChant,* v. *Kelser* (1938), 133 Ohio St. 429, 14 N. E. 2d 350, this court said, at pages 430 and 431:

"Counsel for relator contends that the distinction between 'compensation' and 'salary' is made more manifest by considering that 'the word "salary" appears in no other section of the Ohio Constitution and there must have been some reason for including it in the last member of the compound sentence which comprises said Section 20, instead of repeating the word "compensation." ' He cites several nisi prius opinions in support of his distinction between these words.

"We direct attention to the provision of Section 7, Article IV of the Constitution, which provides that probate judges 'shall receive such *compensation,* * * * as shall be provided by law' (italics ours), and to the decision of this court in *State, ex rel. Lueders, Probate Judge,* v. *Beaman,* 106 Ohio St., 650, 140 N. E., 396, wherein it was held that the inhibition contained in Section 20, Article II of the Constitution, applied to increasing the compensation during the term of office of an incumbent probate judge."

In the syllabus of *State, ex rel.,* v. *Raine* (1892), 49 Ohio St. 580, 31 N. E. 741, the court held:

"A statute, whatever terms it may employ, the only effect of which is to increase the salary attached to a public office, contravenes Section 20, of Article II, of the Constitution of this state, in so far as it may affect the salary of an incumbent of the office during the term he was serving when the statute was enacted."

The court, at page 582, defined "salary" as a " 'reward paid to a public officer for the performance of his official duties.' "

In a case dealing with the similar prohibition of Section 31, Article II, this court quoted the syllabus of *Raine,* and stated:

"This case is cited for the sole and only purpose of

showing that the terms 'salary' and 'compensation' do not mean a thing when cases of this character are being considered, the whole question being, 'Can the number of dollars payable to an incumbent of a public office be increased by the enactment of a statute during his term of office?' " *State, ex rel. Boyd,* v. *Tracy* (1934), 128 Ohio St. 242, 253, 190 N. E. 463. That statement is equally applicable to cases arising under Section 20, Article II.

In the two early cases of *Thompson* v. *Phillips* (1861), 12 Ohio St. 617, and *Gobrecht* v. *Cincinnati* (1894), 51 Ohio St. 68, 36 N. E. 782, the court reached a different result by distinguishing compensation from salary. However, none of the later cases involving Section 20, Article II of the Ohio Constitution, have adopted the *Thompson* rule. It is clear that *Thompson* and *Gobrecht* have been overruled, *sub silentio,* by the later cases of this court. See, e. g., *State, ex rel. DeChant,* v. *Kelser, supra* (133 Ohio St. 429.)

This court expressly overrules those cases today.

*Judgment affirmed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.