SCHULTZ, CLERK, APPELLANT, *v.* GARRETT, DIR., ET AL., APPELLEES.

[Cite as Schultz *v.* Garrett (1983), 6 Ohio St. 3d 132.]

(No. 82-1574—Decided August 3, 1983.)

*Cole, Acton, Harmon & Dunn Co., L.P.A., Mr. James A. Harmon* and *Ms. Phyllis S. Nedelman,* for appellant.

*Mr. James F. Peifer,* director of law, for appellee Thomas L. Garrett.

*Mr. James A. Berry,* prosecuting attorney, and *Mr. Thomas E. Trempe,* for appellee William S. Glass.

J. P. CELEBREZZE, J. The Ohio Constitution designates the power to establish the salaries of public officers to the General Assembly, subject to constitutional limitations. Pursuant to this authorization, the General Assembly enacted R.C. 1901.31 (C) which established the compensation of the municipal clerks of courts. At times relevant to the present case, R.C. 1901.31 (C) provided in pertinent part:

"In territories having a population * * * of one hundred thousand or more * * * the clerk shall receive annual compensation in a sum equal to eighty-five per cent of the salary of a judge of such court. * * *"

The section also established a limiting factor which would not permit the salary of a municipal clerk to exceed that of the clerk of courts of the county in which the municipality was located.

The stipulated facts reveal that the salary of a county clerk was increased in January 1981. However, appellant's request for an increase equal to that given the Clark County Clerk of Courts was denied. Section 20, Article II of the Ohio Constitution was cited as the basis of the denial. It states:

"The general assembly, in cases not provided for in this constitution, shall fix the term of office and the compensation of all officers; but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished."

Relying on the above-noted section and a prior interpretation of its provisions in *State, ex rel. Edgecomb,* v. *Rosen* (1972), 29 Ohio St. 2d 114 [58 O.O.2d 312], the court of appeals upheld the denial of the salary increase requested by appellant.

In *Edgecomb,* the Clerk of the Cuyahoga Falls Municipal Court sought an increase in salary following an Act by the General Assembly which provided for an increase in the salaries paid to municipal court judges. The *Edgecomb* court determined that the clerk was not permitted to take advantage of the salary adjustment given the judges, which by the percentage formula of R.C. 1901.31 (C) increased her salary, because of the in-term increase prohibition

of Section 20, Article II of the Constitution. It was reasoned that any action by the General Assembly which precipitated an in-term salary change triggered the constitutional bar, even though the legislation was not specifically directed towards the salary of the clerk. This court today rejects the reasoning of *Edgecomb.*

A close examination of Section 20, Article II discloses that the prohibition of the section is directed towards a direct legislative adjustment of the formula used in calculating the salary of a clerk. The section states in pertinent part:

"The general assembly * * * *shall fix* * * * *the compensation* of all officers; but *no change therein* shall affect the salary of any officer during his existing term * * *." (Emphasis added.)

The language of the section directs that the General Assembly may not institute a "change therein." However, in the present case no such change is involved in the "fix[ing] * * * [of] the compensation of * * * officers * * *."

What the General Assembly did was change the provisions of R.C. 325.08, the standard used for calculating the salary of a county clerk of courts. This change had an indirect effect on the salary of a municipal clerk in those areas where the county clerk's salary was a ceiling limit on the municipal clerk's pay. The change in R.C. 325.08 was in no way a change in the formula used to fix the compensation of a municipal clerk. Thus, it was not a change which, by the provisions of the Ohio Constitution, could not be given to municipal clerks while in term.

The dissent in *Edgecomb, supra,* noted that the act of increasing a municipal judge's salary was not done by the legislature for the purpose of increasing the salaries of municipal clerks.[2] The same can be said of the change present herein involving the adjustment of the salaries of county clerks. Where no intent to provide an in-term salary increase is found in a legislative act, the mere fact that such an increase is an incidental result of the act does not render the increase unconstitutional pursuant to the terms of Section 20, Article II of the Ohio Constitution. As this court held in *State, ex rel. Mack,* v. *Guckenberger* (1942), 139 Ohio St. 273 [22 O.O. 311], in paragraph three of the syllabus:

"A statute, effective before the commencement of the term of a common pleas judge, whereby his compensation is automatically increased during his term by reason of the increase of the population of his county as shown by a later federal census, is not in conflict with Section 14, Article IV of the Constitution, which provides that the compensation of a judge of the Common Pleas Court 'shall not be diminished or increased during his term of office.'"

The increase appellant seeks, occasioned by the amendment of R.C. 325.08, is virtually identical to the increase allowed in *Guckenberger.* In both cases there was no change whatsoever in the statutory sections which set

---

[2] *State, ex rel. Edgecomb,* v. *Rosen* (1972), 29 Ohio St. 2d 114 [58 O.O.2d 312], at 121.

forth the formula for the calculation of the officers' salaries. The only change present in the two cases was in one of the factors used in the calculation of the salary of the officers.[3] When a statute setting forth the formula for the compensation of an officer is effective before the commencement of the officer's term, any salary increase which results from a change in one of the factors used by the statute to calculate the compensation is payable to the officer. Such increase is not in conflict with Section 20, Article II of the Constitution when paid to the officer while in term.

Section 20, Article II of the Constitution forbids the granting of in-term salary increases to officers when such changes are the result of direct legislative action on the section(s) of the Revised Code which are the basis of the officers' salaries. Such is not the case in the present appeal. The occasion which changed appellant's salary was an amendment of R.C. 325.08—not a change in R.C. 1901.31 (C), the section setting forth the formula for calculating the salary of appellant.

For the foregoing reasons, the salary sought by the appellant should have been granted. Accordingly, we reverse the judgment of the court of appeals and hold that appellant is entitled to his salary increase occasioned by the amendment of R.C. 325.08.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY and C. BROWN, JJ., concur.

W. BROWN, LOCHER and HOLMES, JJ., dissent.

HOLMES, J., dissenting. The issue presented is whether the legislative amendment to a limiting factor of the municipal court clerk's salary formula, which has the direct effect of increasing the clerk's salary during term, is prohibited by the Constitution.

I must affirm the court of appeals in that the appellant is seeking to receive an in-term increase in compensation as Clerk of the Springfield Municipal Court by way of a legislative enactment contrary to Section 20, Article II of the Ohio Constitution.

The increase sought here is based upon legislation which amended R.C.

---

[3] In *State, ex rel. Mack,* v. *Guckenberger, supra,* the statute which set the formula for calculating the salary of a common pleas court judge used the population of the county as a factor in determining salary. Relator-judge sought an increase in his salary based on the 1940 federal census which reflected a population increase in his county making a pay increase in order. At the time relator sought the increase, the Ohio Constitution had a similar prohibition to in-term salary adjustments for common pleas court judges. The constitutional provision under consideration in *Guckenberger* is the same which is before the court today.

In the present case, appellant's salary was fixed by a formula set forth in R.C. 1901.31 (C) which did not allow a municipal clerk to earn more than the clerk of courts in the county where the municipality was located. The county clerk's salary was increased in 1981. It was this change in one of the factors used by the formula set forth in R.C. 1901.31 (C) which formed the basis for appellant's requested salary increase.

325.08, which section provided for raises in the annual compensation of common pleas court clerks. Such amendment has a direct bearing upon the salaries of municipal court clerks, in that R.C. 1901.31 (C) provided that the salary of a municipal court clerk could not exceed the salary of a court of common pleas clerk. If such limiting factor had not existed, the salary of the municipal court clerk could have exceeded the salary of the clerk of the court of common pleas.

The prohibition of an increase in compensation during term was, as stated by the majority, held applicable to municipal court clerks in *State, ex rel. Edgecomb,* v. *Rosen* (1972), 29 Ohio St. 2d 114 [58 O.O.2d 312]. In *Edgecomb,* the Clerk of the Cuyahoga Falls Municipal Court sought an increase in salary provided by R.C. 1901.31 caused by the General Assembly's amendment of R.C. 1901.11 providing for an increase in the salary to be paid municipal court judges. The court in *Edgecomb* correctly concluded that the increase in the compensation of municipal court clerks caused by such amendment was not available to in-term clerks by reason of the prohibition of Section 20, Article II of the Ohio Constitution. The court found that such increase was a "change" in "compensation" within the meaning of Section 20, Article II.

In *Edgecomb,* the appellant clerk argued that R.C. 1901.31 (C) was enacted prior to her taking office on January 1, 1968, and that there had been no change in the statute which would affect the basis for calculating her salary. Stated differently, the argument is that the General Assembly had not changed the statutory formula used for the computation of her salary, but that the application of the existing statute merely required a recalculation of her salary based upon the increase allowed to municipal court judges. The appellant there relied upon the opinion of this court in *State, ex rel. Mack,* v. *Guckenberger* (1942), 139 Ohio St. 273 [22 O.O. 311]. In that case it was held that a statute effective before the commencement of the term of a common pleas court judge whereby his compensation is automatically increased during the term by reason of population increase in his county, was not violative of former Section 14, Article IV which prohibited in-term diminishment or increase of salaries of members of the Supreme Court or court of common pleas judges.

In *State, ex rel. Edgecomb,* v. *Rosen, supra,* the court, in holding that an act of the General Assembly which effects an increase in the salary of the municipal court clerk to be contrary to the Constitution, compared its prior holding in *Guckenberger,* at 118, as follows:

"The *Guckenberger* case and the present case are similar in that in each case the salary is based upon a contingency expressed in a statute, and the statute was not changed after the officeholder assumed office. There is, however, one fundamental difference which makes *Guckenberger* distinguishable and not controlling in the instant case. There, the happening upon which the salary increase was predicated was a population increase, an event which made the increase *automatic,* without further legislative action.

"Here, although appellee's salary is based upon that of the Municipal Court judge, an *act of the General Assembly raising the judge's salary was a condition precedent to an increase in appellee's salary.* The salary terms in R.C. 1901.31 (C), although pre-set themselves, required a legislative act providing an increase in the salary of the Municipal Court judge to, in turn, provide an increase for appellee.

"By granting an increase to Municipal Court judges the General Assembly concomitantly made a 'change' in the compensation of Municipal Court clerks to whom the provisions of R.C. 1901.31 (C) were applicable which would 'affect' the salary of such clerks. Such a change is prohibited by Section 20, Article II, from affecting the salary 'of any officer during his existing term.' Therefore, appellee is not now entitled to the increase allowed by R.C. 1901.31 (C)." (Emphasis *sic.*)

In the cause presently before the court, the amendment to R.C. 325.08 must, I believe, have the same result as in *State, ex rel. Edgecomb,* v. *Rosen.* The case at bar is the same except that the salary change legislated affecting a municipal court clerk's salary is the salary of the clerk of the court of common pleas rather than that of municipal court judges. The increase in compensation for in-term municipal court clerks occasioned by such legislative amendment violates Section 20, Article II, just as did the increase for such clerks which was the subject in *State, ex rel. Edgecomb,* v. *Rosen.*

The appellant argues that the Court of Appeals for Stark County properly set forth the law to be applied here in the conflict case of *Radel* v. *Wurzbacher* (March 4, 1981), No. C.A. 5407, unreported. In effect, the court in *Radel* held that the legislative act of the General Assembly was not a condition precedent to an increase in appellant's salary; that the municipal court clerk's salary has remained constant; and the change in salary of the clerks of the courts of common pleas merely allowed an automatic increase in compensation for the municipal court clerks. The appellant concludes that the legislative change in the limiting factor was not a change affecting appellant's salary in term.

As much as I sincerely desire to assist the clerks of municipal courts in their desire for an increase in their salaries, I believe that we are constitutionally prohibited from doing so. The appellant in his argument is basically suggesting that there is a difference in the meaning of "compensation" and "salary" as set forth in the Constitution. In the context of the issue presented here, I conclude that there is no difference. This court in *State, ex rel. Artmayer,* v. *Bd. of Trustees* (1975), 43 Ohio St. 2d 62 [72 O.O.2d 35], held that:

"The terms 'salary' and 'compensation' as used in Section 20, Article II of the Ohio Constitution, are synonymous. (*Thompson* v. *Phillips* [1861], 12 Ohio St. 617, and *Gobrecht* v. *Cincinnati* [1894], 51 Ohio St. 68, overruled.)"

Although in some instances "compensation" may be considered as being a broader term encompassing all forms of remuneration including dollar salary and fringe benefits, for purposes of this discussion I believe that the

terms are being used synonymously to denote the dollar remuneration for the office.

The prohibition of Section 20, Article II, is that no change in compensation shall affect the salary of any officer during his existing term. Again, I believe that this court in *State, ex rel. Edgecomb,* v. *Rosen, supra,* correctly held that any increase in compensation for in-term municipal court clerks which requires, as a prerequisite to such an increase, a legislative enactment, is prohibited by the Constitution. Increases resulting automatically because of some variable already in the law are not prohibited. In the instant case, the increase the appellant seeks required in-term legislative action. Appellant is prohibited by the Constitution from receiving the increase while in term.

Accordingly, I would affirm the judgment of the court of appeals.

W. Brown and Locher, JJ., concur in the foregoing dissenting opinion.