JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Ricardo Dimalanta, appeals from the judgment of the Cuyahoga County Common Pleas Court granting the motion for summary judgment of defendant-appellee, Travelers Insurance Company, and denying appellant's cross-motion for summary judgment. For the reasons that follow, we reverse and remand.
 {¶ 2} The facts of this case are not disputed. On January 6, 1997, Travelers issued a business auto policy, No. TC2J-CAP-201T9254-TIL-96 ("Business Auto Policy") to Ralston Purina, which has its principal place of business in St. Louis, Missouri. This policy was issued to Ralston Purina through agent/broker Marsh-MCL, Inc., also a Missouri corporation.
 {¶ 3} The policy provided, in part:
 {¶ 4} "2. Duties in the event of accident, claim, suit or loss
 {¶ 5} "a. In the event of `accident,' claim, `suit' or `loss,' you must give us or our authorized representative prompt notice of the `accident' or `loss.' Include:
 {¶ 6} "(1) How, when and where the `accident' or `loss' occurred;
 {¶ 7} "(2) The `insured's' name and address; and
 {¶ 8} "(3) To the extent possible, the names and addresses of any injured persons and witnesses."
 {¶ 9} The Business Auto Policy also included the following subrogation clause:
 {¶ 10} "5. Transfer of rights of recovery against others to us
 {¶ 11} "If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after `accident' or `loss' to impair them."
 {¶ 12} The coverage declarations of the Business Auto Policy limited uninsured motorist coverage to those vehicles classified by the covered auto symbol "10." The policy defined covered auto symbol "10" as:
 {¶ 13} "ALL AUTOS GARAGED IN THE STATES LISTED ON CA TO 30 09 94[.] THIS INCLUDES THOSE AUTOS YOU ACQUIRE AFTER THE POLICY INCEPTION." CA TO 30 94 was a supplemental schedule identifying several states and the respective UM/UIM coverage for those states. The schedule provided that "the limit of insurance for the coverages shown below is the limits of insurance shown for the State where a covered `auto' is principally garaged." Ohio was not one of the states listed on CA TO 30 09 94.
 {¶ 14} Endorsement No. CA 21 17 12 90 to the policy, however, titled "Uninsured Motorists Coverage," contained a non-state-specific uninsured/underinsured motorist endorsement. The endorsement provided the following policy language:
 {¶ 15} "B. WHO IS AN INSURED
 {¶ 16} "1. You.
 {¶ 17} "2. If you are an individual, any `family member.'
 {¶ 18} "3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 19} "4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'"
 {¶ 20} On January 7, 1997, Travelers also issued a commercial general liability coverage policy, No. TJ-GLSA-201 T9764-TIL-96 ("CGL Policy), to Ralston Purina through agent/broker Marsh. This policy contained the following exclusion:
 {¶ 21} "g. Aircraft, Auto or Watercraft
 {¶ 22} "`Bodily injury' or `property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, `auto' or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and `loading or unloading.'"
 {¶ 23} It is undisputed that on January 16, 1997, appellant sustained serious injuries in a head-on motor vehicle collision caused when the tortfeasor, John Wojcik, drove his vehicle left of center. The Wojcik vehicle was covered by a State Farm liability policy with limits of $100,000. On December 10, 1997, appellant settled with State Farm for the $100,000 policy limits and executed a release in favor of Wojcik without notifying Travelers.
 {¶ 24} At the time of the accident, appellant was employed by Eveready Battery/Ralston Purina as a staff quality engineer. In light of the decision by the Ohio Supreme Court on June 23, 1999 in Scott-Pontzerv. Liberty Mutual Fire Ins. Co. (1999), 85 Ohio St.3d 660, appellant presented a UM/UIM claim to Travelers on February 14, 2000. Travelers refused to honor appellant's claim.
 {¶ 25} On June 22, 2001, appellant filed a complaint for declaratory judgment against Travelers, seeking a declaration of his entitlement to underinsured motorist coverage under the Business Auto Policy and/or the GCL Policy issued by Travelers to Ralston Purina. The parties filed their respective motions for summary judgment. In a journal entry filed on June 13, 2002, the trial court granted summary judgment in favor of Travelers, finding:
 {¶ 26} "This plaintiff is not * * * entitled to coverage as he breached the terms and conditions of the policy. The policy provided that [Travelers] had a right to subrogation, reasonable notice and cooperation. The plaintiff's failure to notify the defendant within a reasonable period of time of the accident destroyed the defendant's subrogation rights, and directly violated the express terms of the policy. The plaintiff's release of the tortfeasor without notice or consent of the defendant is prejudicial per se, and prohibits the plaintiff from claiming UM/UIM coverage."
 {¶ 27} Appellant timely appealed, raising one assignment of error for our review. In short, appellant contends, for various reasons, that the trial court erred in granting summary judgment to appellee and holding that he was not entitled to UM/UIM coverage under the Business Auto Policy issued by Travelers to Ralston Purina.
 OHIO LAW APPLIES {¶ 28} Appellee argues that we need not consider any of appellant's arguments, however, because Missouri, rather than Ohio, law applies to the subject insurance contracts and under Missouri law, appellant is not entitled to UM/UIM coverage. We hold that appellee waived its choice of law argument, however, by failing to raise it in the trial court.
 {¶ 29} Appellee had a full and fair opportunity to argue for the application of Ohio law in the court below but failed to do so. The choice of law issue was not mentioned anywhere in appellee's motion for summary judgment. Moreover, appellee's brief in opposition to appellant's motion for summary judgment strenuously asserted that Ohio law applied, arguing, "the majority of decisions in Ohio, and indeed this Court's own precedent [referring to a decision by the Common Pleas judge assigned to the case below], have established that * * * the plaintiff'sScott-Pontzer claim must fail."
 {¶ 30} It is a cardinal rule of appellate review that a party cannot assert new legal theories for the first time on appeal. StoresRealty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43; Lippy v. SocietyNatl. Bank (1993), 88 Ohio App.3d 33, 40. Accordingly, this issue is waived and we therefore decline to consider it.
 SUMMARY JUDGMENT STANDARD {¶ 31} With respect to the merits, Civ.R. 56(C) provides that summary judgment is appropriate when: 1) there is no genuine issue of material fact, 2) the moving party is entitled to judgment as a matter of law, and 3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Zivich v. MentorSoccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370; Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317, 327. We review the trial court's judgment de novo and use the same standard that the trial court applies under Civ.R. 56(C). Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105; Renner v. Derin Acquisition Corp. (1996), 111 Ohio App.3d 326, 333.
 WAS APPELLANT IN A "COVERED AUTO" AT THE TIME OF THE ACCIDENT? {¶ 32} As an initial matter, we address Travelers' argument that appellant is not entitled to recovery because he was not operating a "covered auto" at the time of the accident. Travelers asserts that the declarations page of the Business Auto Policy at issue limited UM/UIM coverage to only those vehicles classified by the covered auto symbol "10." The policy defined covered auto symbol "10" as "all autos garaged in the states listed on CA TO 30 09 94." According to Travelers, because Ohio is not one of the twenty-one states of principal garaging listed on CA TO 30 09 94, appellant was not driving a "covered auto" at the time of the accident and, therefore, Travelers is entitled to summary judgment as a matter of law.
 {¶ 33} Once again, Travelers raises an argument for the first time on appeal. Our review of the briefs filed in the trial court indicates that Travelers never raised this issue below. Rather, Travelers argued that there was no valid basis for appellant to assert a claim under theCGL Policy because it specifically excluded from coverage bodily injury "arising out of the ownership, maintenance, use or entrustment to others of any aircraft, `auto' or watercraft owned or operated by or rented or loaned to any insured." Travelers has apparently decided to abandon this argument, however, not having raised it on appeal; consequently, we will not address it. Schultz v. Garrett (1983), 6 Ohio St.3d 132, 132-133, fn. 1.[1]
 {¶ 34} Instead, however, Travelers now raises for the first time on appeal its argument regarding alleged limitations of coverage contained in the Business Auto Policy. As set forth above, a party cannot assert new legal theories for the first time on appeal. By failing to raise the issue in the trial court, Travelers waived it for purposes of appeal and, therefore, we will not consider it. Stores Realty Co., supra;Lippy, supra.
 IS APPELLANT "LEGALLY ENTITLED" TO RECOVER DAMAGES? {¶ 35} R.C. 3937.18(A) provides that uninsured motorist coverage is available to protect an insured person who is "legally entitled to recover damages" from the owner or operator of an uninsured or underinsured motor vehicle. Travelers argues that because appellant settled his claim with the tortfeasor's insurance company, he is no longer "legally entitled" to recover damages from the tortfeasor and, therefore, is barred from recovering any UM/UIM benefits. Accordingly, Travelers contends that it is entitled to summary judgment as a matter of law.
 {¶ 36} "To [Travelers'] misfortune, the Ohio Supreme Court does not share [Travelers'] interpretation" of the statute. Martin v. LibertyMut. Ins. Co. (N.D.Ohio. 2001), 187 F. Supp.2d 896, 902. Rather, the court has stated that "the phrase `legally entitled to recover' means the insured must be able to prove the elements of his or her claim' against the tortfeasor." Id., citing Ohayon v. Safeco Ins. Co. of Ill. (2001),91 Ohio St.3d 474, 484, quoting Kurent v. Farmers Ins. of Columbus
(1991), 62 Ohio St.3d 242, 245; see, also, State Farm Auto. Ins. Co. v.Webb (1990), 54 Ohio St.3d 61, 62 (observing that the very same phrase appears in R.C. 3937.18(A)). Noting that the plaintiff in Ohayon had already settled with the tortfeasor, the Supreme Court stated, "[the plaintiff's] ability to prove the elements of his claim and recover damages from the * * tortfeasor is not at issue — he has already received $100,000 in settlement with the tortfeasor's insurer. * * * Instead, the issue * * * is the amount of coverage, if any, that [the insurance company] must provide under the contract it executed with the [plaintiffs]." Ohayon, supra at 484.
 {¶ 37} Likewise, in this case, appellant's settlement with State Farm for the policy limits demonstrates there is no issue regarding appellant's ability to prove the elements of his claim against the tortfeasor. Instead, the issue is the amount of UM/UIM coverage, if any, that Travelers must provide. Accordingly, Travelers' argument is without merit.
 DID APPELLANT BREACH THE PROMPT NOTICE AND SUBROGATION PROVISIONS OF THE BUSINESS AUTO POLICY? {¶ 38} It is undisputed that appellant did not give Travelers notice of his claim until approximately three years after the accident. It is also undisputed that Travelers had no opportunity to evaluate appellant's settlement with the tortfeasor and exercise its subrogation rights because appellant did not notify Travelers before the settlement and release occurred. In its motion for summary judgment, Travelers argued that appellant's settlement with the tortfeasor without prior notice or consent from Travelers precluded his right to assert a UM/UIM claim against the Travelers policies in issue. The trial court agreed, finding appellant's release of the tortfeasor without notice to Travelers "prejudicial per se," and therefore it concluded that appellant was prohibited from obtaining UM/UIM coverage.
 {¶ 39} In light of the recent decision by the Ohio Supreme Court on December 27, 2002 in Ferrando v. Auto-Owners Mutual Ins. Co.,98 Ohio St.3d 186, 2002-Ohio-7217, however, it is apparent that appellant's settlement of his claim without notice or consent of Travelers was not prejudicial per se so as to automatically preclude UM/UIM coverage in this case. As Ferrando makes clear, a court evaluating whether a prompt-notice or subrogation-related provision in a UIM policy was breached and, if so, the effects of that breach, must engage in a two-step inquiry:
 {¶ 40} "The two-step approach in late-notice cases requires that the court first determine whether the insured's notice was timely. This determination is based on asking whether the UIM insurer received notice `within a reasonable time in light of all the surrounding facts and circumstances.' Ruby, syllabus. If the insurer did receive notice within a reasonable time, the notice inquiry is at an end, the notice provision was not breached, and UIM coverage is not precluded. If the insurer didnot receive reasonable notice, the next step is to inquire whether the insurer was prejudiced. Unreasonable notice gives rise to a presumption of prejudice to the insurer, which the insured bears the burden of presenting evidence to rebut.
 {¶ 41} "In cases involving the alleged breach of a consent-to-settle or other subrogation-related clause, the first step is to determine whether the provision actually was breached. If it was not, the inquiry is at an end, and UIM coverage must be provided. * * * If the consent-to-settle or other subrogation-related clause was breached, the second step is to determine whether the UIM insurer was prejudiced. If a breach occurred, a presumption of prejudice to the insurer arises, which the insured party bears the burden of presenting evidence to rebut." Id. at 208. (Emphasis in original.)
 {¶ 42} In this case, it is not clear that the prompt notice provision was breached. Appellant was required to give notice within a reasonable time "in light of all the surrounding facts and circumstances." Id., citing Ruby, syllabus. As in Ferrando, appellant gave notice approximately three years after the accident. Appellant also gave notice, however, only eight months after the Ohio Supreme Court decided Scott-Pontzer, the case that established that appellant was an "insured" under his employer's Business Auto Policy, even while outside the scope of his employment, and that such coverage could include underinsured motorist coverage. Accordingly, we hold that there is a genuine issue of material fact regarding whether, "in light of all the surrounding facts and circumstances," appellant's notice to Travelers was reasonably given. As set forth in Ferrando, the resolution of that issue will determine whether a prejudice inquiry is necessary.
 {¶ 43} Likewise, while it is apparent that appellant breached the subrogation provision of the Business Auto Policy, there is a genuine issue of material fact regarding whether Travelers was prejudiced by that breach. Although an insured's breach of such a provision is presumed prejudicial to the insurer, the insured may present evidence to rebut the presumption. Ferrando, supra at 208. Here, the trial court improperly presumed that the insured's breach was prejudicial per se, without considering any evidence from appellant to rebut that presumption. Accordingly, the case must be remanded and discovery reopened so the trial court can engage in the two-step analysis required by Ferrando.
 {¶ 44} Appellant's assignment of error is sustained.
Reversed and remanded.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J. and ANN DYKE, J., CONCUR.
[1] Similarly, appellant appears to have abandoned any claim for UM/UIM coverage under the CGL Policy. Appellant asserts on appeal that he was covered by the Business Auto Policy and Travelers has failed to honor his claim under that policy.