THE STATE, EX REL. GILLIE, JUDGE, FRANKLIN COUNTY
COURT OF COMMON PLEAS, *v.* WARREN, FRANKLIN
COUNTY AUDITOR.

(No. 73-479—Decided November 28, 1973.)

90

*Messrs. Bricker, Evatt, Barton & Eckler, Mr. Russell Leach* and *Mr. Michael J. Renner,* for relator.

*Mr. George C. Smith,* prosecuting attorney, *Mr. Daniel M. Hunt* and *Mr. William B. Shimp,* for respondent.

*Per Curiam.* While the focal point of this action is directed toward the recovery of moneys paid to a Municipal Court judge under a Common Pleas Court ruling, several peripheral issues will be disposed of first.

Respondent initially argues that the relator is actually seeking to have this court enjoin the further deduction of $50 from his pay every two weeks; that an action of this nature would characteristically fall in the category of injunctive proceedings; and that mandamus will not lie as presented here.

In support of his contention, respondent cites the case of *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, which contains the following language in paragraph four of the syllabus:

"Where a petition filed in the Supreme Court or in the Court of Appeals is in the form of a proceeding in mandamus but the substance of the allegations makes it manifest that the real object of the relator is for an injunction, such a petition does not state a cause of action in mandamus and since neither the Supreme Court nor the Court of Appeals has original jurisdiction in injunction the action must be dismissed for want of jurisdiction. * * *"

The *Pressley* case involved a discretionary ruling of the Industrial Commission of Ohio on an alleged violation of specific safety requirements. In the instant case, the respondent has no *discretionary* authority for issuing warrants on the county treasurer, nor is there an averment concerning any withholding of $50 by the respondent, save the original withholding.

R. C. 319.16 directs the county auditor to issue warrants on the county treasurer for *all* moneys payable from the county treasury, except as to moneys due the state.

Paragraph one of the syllabus in *State, ex rel. Pressley,* v. *Indus. Comm., supra,* states:

"Where a public officer or agency is under a clear legal duty to perform an official act, and where there is no plain and adequate remedy in the ordinary course of the

92

law, an action in mandamus will lie originally in the Supreme Court * * *."

The action herein lies in mandamus.

Respondent avers that, as "the duly elected Auditor of Franklin County, Ohio [he] is charged with the responsibility of keeping a careful accounting * * *. Hence it is the obligation of respondent to recover the funds * * *." We can find no legal or statutory justification to permit the method of recovery chosen by the respondent. Such a system of involuntary deductions, at the discretion of the auditor, can only lead to innumerable insoluble problems, the least of which may involve constitutional rights.

The ultimate question presented here is whether money paid to a Municipal Court judge, which represented an "in term" salary increase under a court order, may be recovered after a subsequent order of the Supreme Court, in another case, finally determines that such "in term" raises are not constitutional.

The situation here involved bears a striking similarity to the case of *Baer* v. *State, ex rel. Stanton* (1924), 111 Ohio St. 327. In that case, certain judges of the Common Pleas Court of Cuyahoga County sought to receive payment of an "in term" raise passed by the Ohio General Assembly on February 4, 1920. The county auditor had declined to make the payment, citing the following pertinent provisions of Section 14, Article IV of the Ohio Constitution, applicable at that time:

"The judges * * * of the Court of Common Pleas shall, at stated times, receive for their services, such compensation as may be provided by law, which shall not be diminished, *or increased,* during their term of office. * * *" (Emphasis added.)

The Supreme Court at that time determined:

"* * * that any payments made by the auditor, pursuant to the mandate of the court in that case, so long as it stood against either direct or collateral attack, were not only legal, but authorized. * * *"

The court went on to say:

"This proceeding being a suit to recover moneys alleged to have been illegally paid, the legal question presented for determination is the legality or illegality of the action of the officer making the payment. It is difficult to see how the auditor could have done otherwise, until a further test of the matter had been made in a proper proceeding. * * *"

It is the opinion of this court that, pursuant to the judgment in *Young* v. *Price, supra,* which was not reversed or modified upon appeal, it was the duty of the respondent, at that time, to obey the order to pay the "in term" salary increase to the relator, and both parties had a right to rely upon the legality of such payments.

Civ. R. 56(C) provides:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in this action, show there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law."

In view of the foregoing, we conclude that where a municipal judge has been paid an "in term" salary increase under a higher court determination directing the same, that money shall not be recoverable, having been paid in good faith under a then lawful though ultimately determined to be erroneous court order.

This court finds no genuine issue as to any material fact. The motion for summary judgment is sustained.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.