THE STATE, EX REL. PARSONS ET AL., APPELLANTS, *v.* FERGUSON, AUDITOR, ET AL., APPELLEES.

[Cite as State, ex rel. Parsons, v. Ferguson (1976), 46 Ohio St. 2d 389.]

(No. 75-1133—Decided June 16, 1976.)

· *Mr. Ronald C. Parsons*, for appellants.

*Mr. William J. Brown*, attorney general, and *Mr. Patrick V. Kerrigan*, for appellees.

· *Per Curiam.* Section 20, Article II of the Ohio Constitution, provides:

"The General Assembly, in cases not provided for in this Constitution, shall fix the term of office and the compensation of all officers but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished."

· The question presented in this case is whether Section 20 of Article II prevents an elected county officer from re-

ceiving the benefits of a health insurance plan which was purchased from public funds after the commencement of the term for which he was elected or appointed. In *Madden* v. *Bower, supra*, that issue was decided by the Court of Appeals, but was not raised by a cross-appeal and consequently was not before this court. This court nevertheless made clear that the payment of such premiums for the benefit of a public official must be considered a part of the compensation for that office. The court stated: 20 Ohio St. 2d at page 137:

"At the outset, we are compelled to the conclusion that, as to each employee receiving the right to the benefits of the insurance, the premium is a part of the cost of the public service performed by such employee.

"The purpose of an employer, whether public or private, in extending 'fringe benefits' to an employee is to induce that employee to continue his current employment."

Fringe benefits, such as the payments made here, are valuable perquisites of an office, and are as much a part of the compensations of office as a weekly pay check. It is obvious that an office holder is benefitted and enriched by having his insurance bill paid out of public funds, just as he would be if the payment were made directly to him, and only then transmitted to the insurance company. Such payments for fringle benefits may not constitute "salary," in the strictest sense of that word, but they are compensation.

In *State, ex rel. Artmayer,* v. *Bd. of Trustees* (1975), 43 Ohio St. 2d 62, 330 N. E. 2d 684, the court held in the syllabus that:

"The terms 'salary' and 'compensation' as used in Section 20, Article II of the Ohio Constitution, are synonymous."

The payments made in this case constitute "compensation" within the meaning of Section 20 of Article II, and therefore such payments could not be made after the commencement of the term for which a county official has been elected or appointed.

Both appellants began their elective terms on January 1, 1973. Since the resolution of the county commissioners

authorizing the health insurance plan and approving the payment of premiums was not adopted until January 8, 1973, seven days after the commencement of appellants' terms of office, the payments should not have been made on their behalf. As to that issue, the Court of Appeals is accordingly affirmed.

The other issue in this case is whether the state may recover from appellants the amount of the payments improperly made. At the time these payments were made, the decision of the Court of Appeals in *Madden* v. *Bower, supra*, was the only Ohio case law on the validity of these payments, and that case held the payments to be valid and lawful. Payments which are made in good faith and under color of law cannot ordinarily be recovered, even though the payments are later found to be unconstitutional. *State, ex rel. Hunt,* v. *Fronizer* (1907), 77 Ohio St. 7, 82 N. E. 518; *Thomas* v. *State, ex rel. Gilbert* (1907), 76 Ohio St. 341, 81 N. E. 437. In *State, ex rel. Gillie,* v. *Warren* (1973), 36 Ohio St. 2d 89, 93, 304 N. E. 2d 242, the court concluded that:

"* * * where a municipal judge has been paid an 'in term' salary increase under a higher court determination directing the same, that money shall not be recoverable, having been paid in good faith under a then lawful though ultimately determined to be erroneous court order."

The same principle applies to the case at bar. The payments in this case, having been made in good faith and under color of law, though erroneously, are not now recoverable. As to that issue, the judgment of the Court of Appeals is therefore reversed.

*Judgment affirmed in part and reversed in part.*

O'Neill, C. J., Herbert, Corrigan, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.