[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 402.]

CITY OF HUBBARD EX REL. CREED, ADMR., APPELLANT, *v.* SAULINE, MAYOR, ET AL., APPELLEES.

[Cite as *Hubbard ex rel. Creed v. Sauline*, 1996-Ohio-174.]

*Public officials—Compensation—Public official who accepts compensation contrary to statute is under no legal duty to repay the compensation, when.*

A public official who accepts compensation contrary to statute is under no legal duty to repay the compensation where it is subsequently determined that the official received the compensation in good faith and under color of law. (*State ex rel. Parsons v. Ferguson* [1976], 46 Ohio St.2d 389, 75 O.O.2d 457, 348 N.E.2d 692; *State ex rel. Gillie v. Warren* [1973], 36 Ohio St.2d 89, 65 O.O.2d 241, 304 N.E.2d 242, affirmed, and followed.)

(No. 94-1962—Submitted December 5, 1995—Decided January 31, 1996.)

APPEAL from the Court of Appeals for Trumbull County, No. 93-T-4977.

―――――――――

{¶ 1} Defendant-appellee, Albert J. Sauline, Jr., assumed the office of mayor of the city of Hubbard, a non-chartered city, on January 1, 1988. The mayor's salary at that time was $20,900 annually. On July 17, 1989 the Hubbard City Council adopted Ordinance No. 29-89 which, effective September 1989, increased the mayor's salary to $25,900 for calendar year 1989, and to $26,900 for calendar year 1990 and thereafter.

{¶ 2} On May 16, 1990, Thomas Creed[1] initiated a declaratory judgment action in which he sought to invalidate the "in-term" salary increase granted to Mayor Sauline, and named as defendants Sauline, the city of Hubbard, and the city auditor

―――――――――

1. Thomas Creed died on July 23, 1993. The suit was continued after his death by the administrator of his estate, Beverly A. Creed.

and its treasurer. Creed claimed that the salary increase violated R.C. 731.07, which provides, in part, that "[t]he salary of any officer of a city shall not be increased or diminished during the term for which he was elected or appointed." He also alleged that the mayor had accepted increased compensation under the ordinance while believing that it was illegal for mayors of non-charter cities like himself to accept in-term salary increases.

{¶ 3} Creed sought an injunction precluding Hubbard's fiscal officers from paying the mayor increased amounts resulting from passage of Ordinance No. 29-89, and ordering Sauline to repay the city of Hubbard an amount equaling the total of the increases he had received. Creed further alleged that he had first requested the Law Director of the city of Hubbard to file a similar action pursuant to R.C. 733.59, which provides:

"If the village solicitor or city director of law fails, upon the written request of any taxpayer of the municipal corporation, to make any application provided for in sections 733.56 to 733.58 of the Revised Code, the taxpayer may institute suit in his own name, on behalf of the municipal corporation. Any taxpayer of any municipal corporation in which there is no village solicitor or city director of law may bring such suit on behalf of the municipal corporation. No such suit or proceeding shall be entertained by any court until the taxpayer gives security for the cost of the proceeding."

{¶ 4} Creed alleged that the law director had failed to bring suit as requested. Creed also sought an award of reasonable attorney fees and costs.

{¶ 5} The parties filed cross-motions for summary judgment. On December 26, 1990, the court granted the motion of the city and its officials for summary judgment, and dismissed the case. The court found that, pursuant to Sections 2 and 3, Article XVIII of the Ohio Constitution, the city of Hubbard could legally grant an in-term salary increase to its mayor, even though that action might be deemed to conflict with R.C. 731.07.

**{¶ 6}** The court of appeals reversed and remanded, holding that R.C. 731.07 prevailed over Ordinance No. 29-89.  The court stated, "[w]hen a city determines that its officers' compensation should be increased, that is a matter of local concern.  However, the time for payment of that increase is a procedural matter and is governed by general laws, namely R.C. 731.07.  This section prohibits in-term pay increases for a city official, as took place in this case."  *Creed v. Hubbard* (1992), 78 Ohio App.3d 461, 605 N.E.2d 415 ("Creed I.")

**{¶ 7}** The court also found that the action, although identifying Creed as the plaintiff, had been brought as a taxpayer action on behalf of the municipality of Hubbard, and advised that, upon remand, Creed should be allowed to amend the caption of his complaint consistent with the provisions of R.C. Chapter 733.

**{¶ 8}** This court overruled defendant's jurisdictional motion seeking an order to certify the record on August 12, 1992.  *Creed v. Hubbard* (1992), 64 Ohio St.3d 1443, 596 N.E.2d 472.

**{¶ 9}** On remand, Creed amended the caption of his complaint to "City of Hubbard ex rel. Creed v. Sauline, et al."  Defendants filed an amended answer with leave of court asserting the affirmative defense that "[p]ayments have been made to and received by defendant Sauline in good faith and under color of law."   The trial court denied cross-motions for summary judgment filed by both parties.

**{¶ 10}** Upon a trial to the court, judgment was entered in accordance with *Creed I* declaring the in-term pay raise to be illegal.  The court found, however, that the mayor was under no legal obligation to refund the increased amounts he had received prior to the court of appeals' decision in *Creed I*,  in that he had received them in good faith and under color of state law.  The court did not grant an award of attorney fees to Creed's administrator.  The costs of the action were assessed against the city of Hubbard.  The court of appeals affirmed.

**{¶ 11}** The cause is before this court pursuant to the allowance of a discretionary appeal.

—————————

*Stuart J. Banks* and *James A. Denney*, for appellant.

*Richards & Meola* and *Charles L. Richards*, for appellee Sauline, Mayor.

*H. Kenneth Inskeep,*. Hubbard City Law Director, for appellees Joshua, City Auditor, and Madeline, City Treasurer.

—————————

**Moyer, C.J.**

{¶ 12} We affirm the judgment of the court of appeals.

*Law of the Case*

{¶ 13} In *Nolan v. Nolan* (1984), 11 Ohio St. 3d 1, 3-4, 11 OBR 1, 2-3, 462 N.E. 2d 410, 412-413, we summarized the doctrine of the law of the case:

"*** [T]he decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.***

"The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. *Gohman* [v. *St. Bernard* (1924)], supra, 111 Ohio St. [726] at 730-731, [146 N.E. 291 at 292]. However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. See *State, ex rel. Potain, v. Mathews* (1979), 59 Ohio St. 2d 29, 32 [13 O.O. 3d 17, 18-19, 391 N.E.2d 343, 345].

"In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. *** [Citations omitted.] Thus, *where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law*. *** [Citations omitted.] Moreover, the trial court is without authority to extend or vary the mandate given. *** [Citations omitted.]"  (Emphasis added.)

{¶ 14} We have further held that the doctrine of law of the case precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, or available to be pursued, in a first appeal. New arguments are subject to issue preclusion, and are barred. *Beifuss v. Westerville Bd. of Edn.,* (1988), 37 Ohio St.3d 187, 191, 525 N.E.2d 20, 24. See, also, *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 519 N.E.2d 390. Where this court refuses jurisdiction following the issuance of an opinion by a court of appeals, the court of appeals opinion becomes the law of the case. See *Transamerica Ins. Co. v. Nolan* (1995), 72 Ohio St.3d 320, 649 N.E.2d 1229.

{¶ 15} On remand from the first decision of the court of appeals in *Creed I,* the appellees filed a cross-motion for summary judgment in their favor. The city officials did not contest appellant's claim that she was entitled to judgment on the issue of the invalidity of Ordinance No. 29-89. They claimed that they were nevertheless entitled to judgment on the issues of damages and attorney fees, stating, "[t]he only issues remaining to be litigated are whether Mayor Sauline must repay the monies spent under Ordinance 29-89 and whether the plaintiff may recover attorney fees from either the City of Hubbard or the officers and councilmen who took part in the passing of the ordinance." We find this acknowledgment to be in full accord with the doctrine of the law of the case.

{¶ 16} In her first proposition of law, Creed's administrator contends that Mayor Sauline's state of mind as to the legality of the in-term pay raise ordinance at the time he accepted its benefits is irrelevant, thereby challenging the precedent of this court established in *State ex rel. Parsons v. Ferguson* (1976), 46 Ohio St.2d 389, 75 O.O.2d 457, 348 N.E.2d 692, and *State ex rel. Gillie v. Warren* (1973), 36 Ohio St.2d 89, 65 O.O.2d 241, 304 N.E.2d 242.

{¶ 17} In opposition to this proposition the appellee city officials first argue that application of R.C. 731.07 to invalidate the pay-raise ordinance violates Section 3, Article XVIII of the Ohio Constitution, the Home Rule Amendment. We are

precluded, however, from considering this argument, as to do so would violate the law-of-the-case doctrine. The finding of the court of appeals that R.C. 731.07 invalidated Ordinance No. 29-89 became the law of this case when this court refused to accept jurisdiction of the first appeal in 1992. We conclude that only two issues are properly before us: (1) whether Mayor Sauline should be required to reimburse amounts he had received as a result of Ordinance No. 29-89 through the end of his first term, and (2) whether relator Creed should have been awarded judgment in his favor on the issues of damages and attorney fees.

*Reimbursement*

{¶ 18} In *Parsons*, *supra*, and *Gillie*, *supra*, this court recognized that payments of compensation made to public officials, even if made erroneously or unconstitutionally, cannot ordinarily be recovered if made in good faith and under color of law. We today affirm this long-standing rule of law set forth in those cases and hold that a public official who accepts compensation contrary to statute is under no legal duty to repay the compensation where it is subsequently determined that the official received the compensation in good faith and under color of law.

{¶ 19} Following remand, the trial court heard evidence to determine the factual issue whether the mayor's receipt of increased salary benefits beginning in September 1989 and ending at the time of *Creed I* was "in good faith and under color of law," and found that it was.

{¶ 20} This court should not substitute its judgment for that of the trial court where the record contains competent and credible evidence supporting the findings of fact and conclusions of law rendered by a trial court judge. *Gerijo, Inc. v. Fairfield* (1994), 70 Ohio St.3d 223, 638 N.E.2d 533*; Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St. 3d 77, 80, 10 OBR 408, 411, 461 N.E.2d 1273, 1276; *C. E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E.2d 578. In the case at bar we find evidence in the record sufficient to support the trial court's judgment.

**{¶ 21}** The appellant's evidence included the facts that from 1985 until at least 1987, while serving as a city councilman, Sauline had believed it to be illegal for the mayor to receive an in-term pay increase, and that Sauline nevertheless supported the city council's decision to adopt Ordinance No. 29-89. Appellant further points to Ohio Ethics Commission Advisory Opinion No. 91-008, in which the commission has determined (1) that R.C. 102.03(D) prohibits a city mayor from approving the enactment of an ordinance which grants the mayor an increase in compensation, or from otherwise using his or her authority or influence, formally or informally, to secure an increase in compensation; and (2) that R.C. 102.03(E) prohibits a city mayor from accepting an in-term increase in compensation. We observe, however, that this opinion was issued in December 1991, *after* Mayor Sauline had received the greatest portion of the salary increase provided by Ordinance No. 29-89, and at the very end of the mayor's first term. Quite obviously that advisory opinion could have had no effect on Mayor Sauline's analysis of the legality of the pay raise ordinance before the opinion was rendered, and the record lacks any evidence as to when Mayor Sauline in fact first learned of its existence.

**{¶ 22}** Sauline testified that, at the time the pay-increase ordinance was presented to him as mayor, the state of the law supported the conclusion that enactment of such a pay raise would be legal. He acknowledged that he had at times during the past believed it illegal for an in-term mayor to receive a pay increase. His evidence tended to show, however, that he had discussed the legality of the proposed pay increase with the city of Hubbard law director on several occasions in 1989 prior to enactment of the ordinance, and that the law director advised him that such an in-term pay increase was legal. Other evidence showed that legal research performed by the law director prior to the enactment of the ordinance disclosed both a Trumbull County Common Pleas Court decision (*State ex rel. Hamilton v. Madeline* [Mar. 23, 1987], Trumbull C.P. No. 86-CV-1755, unreported) and an Ohio Attorney General Opinion (1983 Ohio Atty.Gen.Ops. No. 83-036, at 2-137) supporting the conclusion

that the proposed pay raise would be legal. Moreover, the evidence showed that both Mayor Sauline and the law director spoke with examiners from the state Auditor's Office, and that the law director thereafter received a letter confirming that the auditor's office no longer sought to recover funds received by non-charter city mayors resulting from in-term salary increases.

**{¶ 23}** The record before this court contains sufficient evidence to support the trial court's factual finding of good faith on the part of the appellees in implementing Ordinance No. 29-89, and we therefore affirm its judgment..

*Attorney Fees*

**{¶ 24}** The trial court failed to award attorney fees to Creed's administrator for the reason that "the court finds the Plaintiff is not entitled thereto" and because it found that the litigation resulted in "no benefit *** to the residents and taxpayers of Hubbard, Ohio."

**{¶ 25}** As an additional reason for denying attorney fees, the court cited the plaintiff's failure to post security for the costs of the action as required by R.C. 733.59, although it is agreed the plaintiff had given $65 as a deposit for costs as required by Trumbull C.P. Loc.R. 17.01 upon the filing of any civil suit. The court inferred that the failure to deposit additional funds precluded a finding that the suit was indeed an R.C. Chapter 733 taxpayer suit, citing *State ex rel. Citizens for a Better Portsmouth v. Sydnor* (1991), 61 Ohio St.3d 49, 572 N.E.2d 649. We find, however, that pursuant to the law-of-the-case doctrine, the court exceeded its authority in making that determination. The clear import of *Creed I* was that Creed had indeed brought his action as an R.C. Chapter 733 taxpayer action. As such, the court was required to entertain appellant's motion filed pursuant to R.C. 733.61, which provides:

"If the court hearing a case under section 733.59 of the Revised Code is satisfied that the taxpayer had good cause to believe that his allegations were well founded, or if they are sufficient in law, it shall make such order as the equity of the case demands. In such case the taxpayer shall be allowed his costs, and, if judgment

8

is finally ordered in his favor, he may be allowed, as part of the costs, a reasonable compensation for his attorney."

**{¶ 26}** However, the trial court was not *required* to make an award of attorney fees.  While R.C. 733.61 specifically provides that a successful plaintiff in a taxpayer suit *shall* be allowed his costs, it provides in contrast that an award of attorney fees *may* be allowed.  Use of the word "may" in the statute implies that the decision to award attorney fees to a successful plaintiff in an R.C. Chapter 733 taxpayer suit  lies entirely within the trial court's discretion.  S*tate ex rel. Hirshler v. Frazier* (1980), 63 Ohio St.2d 333, 335, 17 O.O.3d 418, 419, 410 N.E.2d 1253, 1254.  Having reviewed the numerous reasons cited by the trial court in denying an award of attorney fees in this case, we do not find that the denial constituted an abuse of discretion. Cf. *Kent v. Cent. Benefits Mut. Ins. Co.* (1990), 67 Ohio App.3d 142, 586 N.E.2d 207.

**{¶ 27}** For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

DOUGLAS, WRIGHT, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK, J., dissents.

―――――――――――