DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Maumee Municipal Court awarding appellee, J.B. Walter Construction Co., damages for the conversion of mobile radios. Appellant, Futronics, Inc., asserts the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED AS APPELLEE HAD NO OWNERSHIP INTEREST IN THE RADIOS AND EQUIPMENT LEASED AND WAS NOT THE REAL PARTY IN INTEREST ENTITLED TO BRING A CONVERSION ACTION. "
"SECOND ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN ITS DETERMINATION THAT APPELLEE HAD ANY OWNERSHIP RIGHTS WITH RESPECT TO THE RADIOS AND EQUIPMENT IT LEASED. "
"THIRD ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION FOR A DIRECTED VERDICT AS TO APPELLEE'S THIRD CAUSE OF ACTION REQUESTING CONSEQUENTIAL DAMAGES. "
"FOURTH ASSIGNMENT OF ERROR
 "THE TRIAL COURT'S DECISION IS ARBITRARY AND UNSUPPORTED BY THE WEIGHT OF THE EVIDENCE AT TRIAL."
On October 27, 1997, appellee commenced the instant action alleging claims of misrepresentation and conversion. Appellee requested damages for the conversion of the mobile radios used in its business, damages for misrepresentation of the adequacy of the radios in fulfilling appellee's communication needs and consequential damages incurred through the use of cellular telephones in its business after the mobile radios failed to function properly.
The following facts were adduced at a trial to the bench. On December 5, 1994, appellee entered into a contract with appellant for basic radio relay service to be employed in conjunction with mobile radios used to contact appellee's employees while they were at construction sites. Previously, on November 28, 1994, appellee had entered into a lease agreement with Lease Corporation of America for the lease of mobile radios and related equipment.
Appellee received the radios and equipment on December 20, 1994 and performed its own installation work. According to Bryce Walter, half owner of J.B. Walter Construction Company, the mobile radios never operated properly. He asserted that he contacted appellant several times and received advice over the telephone. Eventually, a representative from Futronics, Inc., addressed the problem and determined that appellee needed a tower. According to Bryce Walter, the installation of a tower eliminated the need for the radio relay service. However, the mobile radios needed adjustment; therefore, in May 1995 they were taken to appellant's place of business for servicing. Appellee terminated the radio relay service in March 1995.
Although Bryce Walter testified that appellee requested the return of the mobile radios, it is undisputed that the radios were never returned and that they were in the possession of appellant at the time of the trial on this matter. Because Walter believed that the company was in the process of purchasing the mobile radios and associated equipment, appellee continued to make regular payments to Loan Corporation of America until May 6, 1996. Through that date, appellee paid a total of $3,768.45 for the lease or purchase of the radios.
Based on this evidence, the court awarded appellee $3,292.51 plus ten percent per annum interest from the date of judgment. This appeal followed.
In its first and second assignments of error, appellant maintains that appellee has no ownership rights in the mobile radios. Therefore, appellant asserts that appellee cannot seek damages for the conversion of the radios.
In order to prevail on a claim of civil conversion, the plaintiff has the burden of proving by a preponderance of the evidence that the defendant wrongfully exercised dominion and control over property in exclusion of or inconsistent with the plaintiff's rights. Joyce v. General Motors Corp. (1990),49 Ohio St.3d 93, 96; Zacchini v. Scripps-Howard Broadcasting Co.
(1976), 47 Ohio St.2d 224, 226. One who has possession of a chattel or who is entitled to immediate possession of a chattel may maintain an action against a person who allegedly converted the chattel. Restatement of the Law 2d, Torts (1965) 438, Sections 224, 225; Prosser and Keeton on Torts (5 Ed. 1984) 102-104, Section 15. Possession is sufficient title against the tortfeasor because, of the two, the possessor is the "the proper party to account to the true owner for the amount recovered, and to adjust with that person any question as to their respective rights." Id. at 104, Section 15.
In the case before us, it is undisputed that appellee had possession of the mobile radios until May 1995 and was entitled, pursuant to the terms of the lease agreement with Corporation of America, to possession of those radios through, at the least, December 1995. Appellee continued making payments on the radio units until May 1996. The testimony of Bryce Walter indicates that appellee made a demand or demands for the return of the units, but that appellant refused to return them.
Although he denied knowledge of the circumstances surrounding the return of the radios, Michael Gruss, "the principal of Futronics," admitted having the mobile radios. He stated that appellant was the "caretaker" of the units until such time that the owner was determined. Accordingly, a review of the record reveals that the trial court's judgment on the issue of conversion is supported by some competent, credible evidence going to all of the essential elements of the case and cannot be reversed by this court.Hubbard ex rel. Creed v. Sauline (1996), 74 Ohio St.3d 402, 406;C.E. Morris v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. Appellant's first and second assignments of error are found not well-taken.
Appellant's third assignment of error addresses the trial court's alleged error in denying appellant's motion for a directed verdict.
A motion for directed verdict may be granted if "the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party." Civ.R. 50(A)(4). At trial, appellant based one prong of its motion for a directed verdict on R.C.1302.93(C), which permits the limitation of consequential damages in a sales contract. Appellant noted that the radio relay service agreement entered into by the parties expressly excludes consequential damages and therefore asked for a directed verdict on appellee's claim for such damages. Because, however, appellee's cause of action is rooted in the tort of conversion and is not based on the contract between the parties, we conclude that neither R.C. 1302.93(C) nor the radio relay service agreement is relevant to the disposition of this case. Consequently, the trial court did not err in denying appellant's motion for a directed verdict on the claim for consequential damages. See Dawes v. OhioEdison Co. (June 30, 1998), Belmont App. No. 96-BA-41, unreported (discussing the determination of consequential damages in a conversion action). Appellant's third assignment of error is found not well-taken.
In its fourth assignment of error, appellant contends that the municipal court's award of damages is arbitrary and against the weight of the evidence.
A trial court's determination of an award of damages is reviewed under an abuse of discretion standard. Vinci v. Ceraolo
(1992), 79 Ohio App.3d 640, 652. An abuse of discretion is more than an error of law or judgment. It implies that the trial court's attitude in reaching its decision is unreasonable, arbitrary or unconscionable. Tracy v. Merrell DowPharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152.
The measure of damages in a conversion action is the value of the property at the time it was converted. Tabar v.Charlie's Towing Serv., Inc. (1994), 97 Ohio App.3d 423, 428. Here, appellee presented canceled checks demonstrating payments to Loan Corporation of America totaling $3,768.45. In order to reach the market value of the mobile radios at the time of conversion, May 1995, the municipal court deducted the two payments made on the radios while they were in appellee's possession. We cannot say that this method of valuation is, under the particular facts of this case only, unreasonable, arbitrary or unconscionable. Appellant's fourth assignment of error is therefore found not well-taken.
On consideration thereof, this court finds that substantial justice has been done the party complaining, and the judgment of the Maumee Municipal Court is affirmed. Appellant, Futronics, Inc., is ordered to pay the costs of this appeal.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 Melvin L. Resnick, J. _______________________________ JUDGE
 James R. Sherck, J. _______________________________
JUDGE
 Richard W. Knepper, J. _______________________________
JUDGE
CONCUR.