OPINION
{¶ 1} The defendants-appellants, Clark and Becky Sams and Scott and Kelly Storrs (collectively hereinafter "the appellants"), appeal the June 30, 2003 judgment of the Tiffin Municipal Court.
 {¶ 2} The plaintiffs-appellees, Courtney and Jodi Wyant, own a home in Seneca County, Ohio, located at 5740 West State Route 635. In November, 2002, the couple was in the process of divorcing. Jodi Wyant was in California, and Courtney Wyant was living in the home on St. Rt. 635. On November 15, 2002, Courtney vacated the residence and permitted the appellants and their children to occupy the home in exchange for $600 per month, including a deposit of $600. In January, 2003, the Wyants reconciled and decided to move back into their home on St. Rt. 635. They provided the appellants with a letter stating that they were terminating the month-to-month tenancy and requesting that the appellants vacate the premises within thirty days from February 18, 2003.
 {¶ 3} The appellants did not vacate the premises as directed, and the Wyants filed a complaint, pro se, for forcible entry and detainer, past rent, and other damages in the Tiffin Municipal Court on March 25, 2003. On April 9, 2003, the court ordered that the appellants vacate the premises on or before April 30, 2003, at 12:00 p.m., and the matter was continued on the issue of damages. The appellants vacated the home as ordered by the court, and a hearing on the issue of damages was held on June 20, 2003. At the hearing, the Wyants proceeded without an attorney, but the appellants were represented by counsel. Both the Wyants and the appellants presented evidence, and ten days later the trial court issued its judgment. The trial court found in favor of the Wyants and ordered that the appellants pay $2,623.20 plus interest from the date of judgment. This appeal followed, and the appellants now assert three assignments of error.
The defendants-appellants were denied due process of the lawwhen the trial court failed to observe proper trial procedure.
 The trial court abused its discretion and erred in findingthat defendants-appellants violated ohio revised code Sections5321.05(a)(1) through (4).
 The trial court's decision finding that plaintiffs-appelleesare entitled to recover accrued rent, miscellaneous expenses,damages to the property, and cleaning costs fromdefendants-appellants is against the manifest weight of theevidence.
 {¶ 4} This Court's analysis of the issues before it begins by noting that the appellees, the Wyants, failed to file an appellate brief in this matter. Appellate Rule 18(C) outlines the consequences of the failure of an appellee to file a brief: "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, * * * the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
 {¶ 5} We cannot overemphasize the importance of filing a brief on appeal and caution parties against this neglectful approach to appeals. However, despite the discretion afforded to this Court, after reviewing the record and law relevant to these issues, we elect not to accept the appellant's statement of facts and issues in their brief as correct. Thus, we proceed to discuss the merits of the instant appeal.
 First Assignment of Error {¶ 6} In their first assignment of error, the appellants maintain that the trial court showed preferential treatment to the Wyants, who were without counsel, during the hearing for damages. Essentially, the appellants contend that the Wyants were not treated the same as other parties who have representation because they were accorded greater rights and were not required to accept the results of their own mistakes and errors due to the assistance of the trial court. See Meyers v. First Natl. Bank ofCincinnati (1981), 3 Ohio App.3d 209, 210. In support of this contention, the appellants argue that the trial court acted as counsel for the Wyants, basically, by requesting that Jodi Wyant present testimony, asking her questions during her testimony, advising Courtney Wyant not to volunteer information, and informing the Wyants that they would be allowed to present rebuttal evidence. The appellants further assert that the trial court did not permit their counsel to present an opening statement, improperly pre-empted their counsel's questioning of witnesses, and failed to properly control the proceedings, as well as committed other errors.
 {¶ 7} A review of the transcript of this hearing reveals that counsel for the appellants never objected to any of these alleged errors by the trial court. In addition, counsel never requested that he be permitted to present an opening statement nor did he indicate to the court that there were irregularities in the proceedings. In the absence of plain error, a reviewing court may not consider any alleged error that a party failed to bring to the trial court's attention at a time when the error could have been corrected. Boewe v. Ford Motor Co. (1992),94 Ohio App.3d 270; see, also, Michigan Millers Mut. Ins. Co. v. Christian,153 Ohio App.3d 299, 2003-Ohio-2455, at ¶ 32. The appellants could have objected to any perceived error during the hearing but elected not to do so. Moreover, some of these "errors" asserted by the appellants, when viewed in context, were actually done in an effort to aid their counsel. For instance, when the trial court advised Courtney Wyant not to volunteer anything, it did so in response to Courtney's attempts to explain his answers to defense counsel's questions when counsel simply wanted a yes or no answer instead of providing him the opportunity to explain his actions. Thus, the first assignment of error is overruled.
 Second Assignment of Error {¶ 8} The appellants next assert that the trial court erred in determining that they violated various sections of the Revised Code regarding the obligations of tenants. The Revised Code states:
(A) A tenant who is a party to a rental agreement shall do allof the following:
 (1) Keep that part of the premises that he occupies and usessafe and sanitary;
 (2) Dispose of all rubbish, garbage, and other waste in aclean, safe, and sanitary manner;
 (3) Keep all plumbing fixtures in the dwelling unit or used byhim as clean as their condition permits;
 (4) Use and operate all electrical and plumbing fixturesproperly[.]
R.C. 5321.05(A)(1-4). The Revised Code permits a landlord to recover any actual damages that result from a tenant's failure to comply with R.C. 5321.05(A)(1-4). R.C. 5321.05(C)(1). The appellants now maintain that the trial court erred in finding that they violated the obligations imposed upon them by the Revised Code because the evidence did not support such findings. We disagree.
 {¶ 9} Initially, we note that an appellate court will not substitute its judgment for that of the trial court where the record contains competent, credible evidence supporting its findings of fact and conclusions of law. Hubbard ex rel. Creedv. Sauline (1996), 74 Ohio St.3d 402, 406. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co., Inc.v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 10} In the case sub judice, the trial court found that the appellants failed to keep the premises safe and sanitary and to dispose of all rubbish, garbage, and other waste in a clean, safe, and sanitary manner as required by R.C. 5321.05(A)(1-2). Courtney Wyant testified that when he entered the premises after the appellants vacated, there was quite a bit of trash throughout the premises, which required $175 for a hauling service to remove. However, he admitted on cross-examination that he had not cleaned the premises prior to the appellants taking occupancy and a few of the items, all of which were large items, that he had taken by the service were his.
 {¶ 11} Jodi Wyant also testified during the hearing. She testified that the home was replete with large amounts of rubbish, garbage, and waste when she came to the home shortly after the appellants moved. She further testified that when she examined the home after the appellants vacated it, a window in the garage was broken, several panes of glass in various doors were broken, there were several holes in the ceiling tiles, over fifty bags of trash had to be taken away, the refrigerator was turned off and left with food in it, food was left on the kitchen counters, and the kitchen sink was filled with debris and several bottles of Drano were required to clean it. Jodi further testified that the home was not in this condition when she visited it sometime in January of 2003, while the appellants still occupied the home. Although Appellant Kelly Storrs testified that there was trash in the home when the appellants moved in and the appellants maintain that the evidence failed to show that they violated R.C. 5321.05(A)(1-2), Courtney's and Jodi's testimony, which the trial found to be credible, provided ample evidence to the contrary.
 {¶ 12} The appellants also contend that the trial court erred in finding that they failed to keep all plumbing fixtures in the dwelling unit or used by them as clean as their condition permits and to use and operate all electrical and plumbing fixtures properly in violation of R.C. 5321.05(A)(3-4). Jodi Wyant testified that three days after she and her husband resumed occupancy, the toilet stopped working and a diaper was found in the septic system. The appellants assert that the Wyants failed to demonstrate that this diaper had been flushed into the system by the appellants. However, Courtney Wyant testified that he and his wife had no children but that the appellants did have children, testimony which went undisputed. Although the Wyants did not testify that they or anyone else witnessed the appellants flush a diaper, the trial court did not abuse its discretion in determining that the plumbing problem was caused by the appellants, especially in light of the evidence of the extensive damage done to home during the appellants' occupancy.
 {¶ 13} Last, the appellants maintain that the trial court failed to consider the failure of the Wyants to comply with the statutory requirements of landlords. Although the appellants are correct in their assertion that the Revised Code imposes various obligations on landlords, see R.C. 5321.04, they have failed to provide any law that would preclude a landlord from recovering damages sustained as a result of a tenant's actions and/or inactions merely because the landlord did not fully comply with R.C. 5321.04. To the contrary, the purpose of the statute is not to preclude a landlord from recovering compensation due to damage to his property but "to protect persons using rented residential premises from injuries." Shroades v. Rental Homes, Inc. (1981),68 Ohio St.2d 20, 25. The appellants have never asserted that they were injured in any manner by the actions and/or inactions of the Wyants. Thus, the fact that the trial court did not take any alleged violations of this statute by the Wyants into consideration when determining whether the appellants caused damage to the residence is not relevant. Accordingly, for all of the aforementioned reasons, the second assignment of error is overruled.
 Third Assignment of Error {¶ 14} In their third assignment of error, the appellants assert that the trial court's decision regarding the amount of damages was against the manifest weight of the evidence. Specifically, the appellants contend that the Wyants failed to propely put forth documentary evidence of the damages to which they claim they were entitled. While the appellants are correct in their contention that the documents the Wyants used in support of their damages were never admitted into evidence and, thus, not properly within the purview of the trial court in reaching its decision, the Wyants testified in detail as to the dollar amounts to repair the damages to the premises. The Wyants also presented testimony regarding how long the appellants occupied the premises and the rent received from them during their occupancy. The testimony regarding the length of occupancy and the rent payments received by the Wyants was further supported by the testimony of two of the appellants, themselves. Thus, the trial court did not err in finding that damages were sustained by the Wyants due to the actions of the appellants and did not err in determining the monetary value for these damages. Therefore, the third assignment of error is overruled.
 {¶ 15} For these reasons, the judgment of the Tiffin Municipal Court is affirmed.
Judgment affirmed.
Bryant and Cupp, JJ., concur.