OPINION
{¶ 1} Defendants-appellants Lyle and Charlotte Compton ("Comptons") appeal from the judgment of the Auglaize County Municipal Court, which awarded plaintiff-appellee Kay Williams $1497.00 in monetary damages for back rent and damages to real property. Because the record does not disclose any reversible error in the trial court, we affirm. Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc. R. 12(5).
 {¶ 2} The Comptons rented a residential home from Williams beginning September 20, 2002. The record indicates that there was not a signed lease agreement between the parties.
 {¶ 3} The Comptons moved out of the home on March 20, 2004. Thereafter, Williams contracted Pam and Sarah Erais, who were tenants in another one of her properties, to have the residence cleaned. After the cleaning was complete, Williams inspected the home and found what she considered to be damage to the front porch, the screen door, and the walls and floors of the property. Williams confronted Pam Erais and asked her to verify the damage to the property. Mrs. Erais indicated that she did not notice the damage to the property and refused to support Williams' claims.
 {¶ 4} On May 11, 2004 Williams filed suit in the Small Claims division seeking $2992.00 for the damages to the property and for unpaid rent. The Comptons counter-claimed, seeking recovery of their security deposit, money spent on improvements made to the property, and court costs. A hearing was held before the trial court, and the court entered judgment on June 28, 2004. The trial court found in favor of Ms. Williams, and ordered the Comptons to pay $1022.00 in damages to the property and $475.00 in unpaid rent. Thereafter, the Comptons filed this appeal, asserting the following issues for review:
Whether Appellee Williams, knowingly and willfully, swore on anaffidavit to a false complaint for damages;
 Whether Appellee Williams, knowingly and willfully, concealed fromAppellants Compton the payment of a double deposit, with the intent ofkeeping both;
 Whether Appellee Williams, knowingly and willfully, attempted to compelor infer to Pam Erais, an employee, to substantiate fictitious damage tothe Appellees' rental property;
 Whether the photographs of damage to the rental property submitted byAppellee Williams were, in fact, the result of Appellants Compton, theirpets, other factors, or did not exist prior to the Appellants Comptonmoving out of the rental property;
 Whether, after employing the Erais family to clean her rentalproperties for over 2 years, renting to them for over 3 years and noproblems or complaints about the Erais family prior to this point,Appellee Williams started harassing them only after Mrs. Erais' refusal tosubstantiate the Appellee Williams' list of fictitious damages to therental property.
 {¶ 5} Through these assignments the Comptons essentially make two arguments in this appeal: (1) that several factual determinations made by the trial court were incorrect, and (2) that evidence in the record tends to undermine the veracity of Williams' claims. Thus, the Comptons' appeal asks us to find that the trial court's judgment was against the manifest weight of the evidence.
 {¶ 6} Initially, we note that an appellate court will not substitute its judgment for that of the trial court where the record contains competent, credible evidence supporting its findings of fact and conclusions of law. Hubbard ex rel Creed v. Sauline (1996),74 Ohio St.3d 402, 406. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 7} In their brief, the Comptons reassert claims made in the trial court that Williams had fabricated her claims against them, had filed a false complaint, and had attempted to get Mrs. Erais to lie under oath about the damage to the property. The trial court specifically held against them on all of these points. Specifically, the trial judge found that the photographs did represent damage done to the property, and that Williams never asked Mrs. Erais to testify falsely. The transcript of the hearing contains the testimony of George Erais, and the trial judge specifically asks him what happened when Williams confronted his wife Pam Erais. His answers to those questions demonstrate that Williams did not ask Mrs. Erais to testify falsely. Rather, she was attempting to ascertain whether Mrs. Erais noticed the damage to the property when she cleaned it and why she had not reported it to her. This testimony supports the trial court's conclusion that Williams had not suborned perjury.
 {¶ 8} The Compton's claims notwithstanding, the record contains ample evidence indicating that there was damage to the property. Williams presented photographs of the damage as evidence of her claims. The Comptons presented no direct physical evidence to the contrary, but did put forth witnesses who testified to the cleanliness of the property and to the fact that the Comptons had left the property in good condition. They also challenged the evidence presented by Williams, claiming that the photographs were taken after new tenants had already moved in and that the damage the photos show was caused by the new tenants. However, none of their witnesses refuted the authenticity of the photographs. In addition to the photographs, the record contained written statements of individuals who witnessed the Comptons' dogs causing damage to the porch. This testimony corroborates the photographic evidence presented in this case.
 {¶ 9} The trial court, having weighed all of this evidence, concluded that the photos were a fair representation of damage caused to the property by the Comptons and found in favor of Williams. This competent, credible evidence supports the findings of the trial court, and therefore we hold that the trial court's judgment was not against the manifest weight of the evidence. The appellants' assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment Affirmed.
 Cupp, P.J. and Rogers, J., concur.