O’Donnell, J.,
dissenting.
{¶ 142} Respectfully, I dissent.
{¶ 143} The aggravating circumstances in this case outweigh the mitigating factors beyond a reasonable doubt, and the sentence of death imposed in this case is not excessive or disproportionate to the penalty imposed in similar cases. Accordingly, I would affirm the judgment of the trial court.
Independent Sentence Review
{¶ 144} R.C. 2929.05(A) specifically directs that in cases involving the imposition of capital punishment, this court
shall review and independently weigh all of the facts and other evidence disclosed in the record in the case and consider the offense and the offender to determine whether the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors in the case, and whether the sentence of death is appropriate.
The statute provides that in determining whether the sentence of death is appropriate, this court “shall consider whether the sentence is excessive or disproportionate to the penalty imposed in similar cases.” Id. Further, it mandates that this court
review all of the facts and other evidence to determine if the evidence supports the finding of the aggravating circumstances the trial jury * * * found the offender guilty of committing, and shall determine whether the sentencing court properly weighed the aggravating circumstances the offender was found guilty of committing and the mitigating factors.

Id.

Aggravating Circumstances

{¶ 145} In our review of the first appeal filed in this case in State v. Johnson, 88 Ohio St.3d 95, 723 N.E.2d 1054 (2000), we referenced the following facts:
*543 In order to commit a theft offense in the Markses’ home, [Johnson], using stealth, entered the home through the back door, wearing gloves and armed with a ball bat. He knew that the house was occupied, since he could see into the bathroom of the Markses’ home. While in the home, he beat Shanon with a ball bat, causing her death. He then proceeded to a bedroom, where he found Shanon’s purse on a bed. He emptied the contents of the purse and took her money.
Id. at 114. We noted that in his statements to police, Johnson confessed to entering Shanon’s home to look for money, striking her twice in the back of the head with a baseball bat, and hitting her again after she fell to the floor. Id. at 99-100. He also admitted hearing Shanon cry for help as he left the scene, id. at 99, and an autopsy revealed that she had suffered defensive wounds, a broken left forearm, and massive head injuries, including lacerations to her brain that caused her death, id. at 97-98. The crime scene photos, we explained, showed that Shanon had been severely beaten and rebutted Johnson’s claim that he struck her only three times. Id. at 117-118.
{¶ 146} R.C. 2929.04 describes the death penalty specifications to be included in an indictment and provides:
(A) Imposition of the death penalty for aggravated murder is precluded unless one or more of the following is specified in the indictment or count in the indictment pursuant to section 2941.14 of the Revised Code and proved beyond a reasonable doubt:
(7) The offense was committed while the offender was committing, attempting to commit, or fleeing immediately after committing or attempting to commit kidnapping, rape, aggravated arson, aggravated robbery, or aggravated burglary, and either the offender was the principal offender in the commission of the aggravated murder or, if not the principal offender, committed the aggravated murder with prior calculation and design.
{¶ 147} We have previously affirmed the jury’s finding of two R.C. 2929.04(A)(7) aggravating circumstances in this case, holding that the record “clearly supports the finding that [Johnson] was the principal and sole offender in the commission of [the] aggravated murder [of Shanon Marks] while committing an aggravated burglary and aggravated robbery.” Johnson, 88 Ohio St.3d at 122, 723 N.E.2d 1054.
*544 {¶ 148} This prior holding remains the law of the case. See State v. Davis, 139 Ohio St.3d 122, 2014-Ohio-1615, 9 N.E.3d 1031, ¶ 27 (“The law-of-the-case doctrine provides that the ‘ “decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels” ’ ”), quoting Hubbard ex rel. Creed v. Sauline, 74 Ohio St.3d 402, 404, 659 N.E.2d 781 (1996), quoting Nolan v. Nolan, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984).

Mitigating Factors

{¶ 149} Regarding mitigating factors, R.C. 2929.05(A) and 2929.03(D)(1) require that we review and independently weigh all facts and other evidence and consider the offense and the offender to determine whether the aggravating circumstances outweigh the mitigating factors in the case beyond a reasonable doubt. R.C. 2929.04(B) catalogs mitigating factors that include the nature and circumstances of the offense; the history, character, and background of the offender; whether the victim induced or facilitated the offense; whether it is unlikely that the offense would have been committed but for the offender being under duress, coercion, or strong provocation; whether the offender, at the time of committing the offense, because of a mental disease or defect, lacked substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law; the youth of the offender; the offender’s lack of a significant history of prior criminal convictions and delinquency adjudications; if the offender participated in the offense but was not the principal offender, the degree of his participation in the offense and acts that led to the victim’s death; and any other factors relevant to the issue of whether the offender should be sentenced to death.
{¶ 150} As the majority recognizes, however, only the following statutory factors receive weight in mitigation of punishment in this case: (1) Johnson’s history and background, which included a lack of parental support, physical abuse, and exposure to drugs and alcohol, (2) Johnson’s age at the time of the offense — 19, and (3) the catchall provision for other relevant factors, i.e., Johnson (a) suffered from alcohol and marijuana dependency at the time of the offense, (b) suffered from depression at the time of the offense, (c) has limited intellectual abilities, (d) made an unsworn expression of remorse, (e) embraced religion, (f) desires to help young men with addictions, (g) demonstrated good behavior on death row, and (h) has a positive relationship with his son. R.C. 2929.04(B); State v. Kirkland, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 158, 160 (history of drug and alcohol abuse and unsworn expressions of remorse considered); State v. Jones, 135 Ohio St.3d 10, 2012-Ohio-5677, 984 N.E.2d 948, ¶ 261 (history of mental problems and low average intelligence considered); State v. *545 Smith, 89 Ohio St.3d 323, 328, 731 N.E.2d 645 (2000) (stating that religious conversion is a mitigating factor).

Weighing of Aggravating Circumstances and Mitigating Factors

{¶ 151} In other cases, this court has previously considered the same mitigating factors that are present in this case and concluded that they are not entitled to substantial, significant, or great weight. See State v. Goodwin, 84 Ohio St.3d 331, 350, 703 N.E.2d 1251 (1999) (offender’s age of 19 entitled to “nominal weight”), unit of habeas corpus granted in part on other grounds sub nom. Goodwin v. Johnson, N.D.Ohio No. 1:99CV2963, 2006 WL 753111 (Mar. 22, 2006); State v. Davis, 139 Ohio St.3d 122, 2014-Ohio-1615, 9 N.E.3d 1031, ¶ 113 (retrospective remorse entitled to little weight); State v. Cunningham, 105 Ohio St.3d 197, 2004-Ohio-7007, 824 N.E.2d 504, ¶ 138 (defendant’s severe depression was a weak mitigating factor); State v. Green, 66 Ohio St.3d 141, 152, 154, 609 N.E.2d 1253 (1993) (defendant’s lack of intelligence, alcohol and drug addiction, and family upbringing, which included frequent physical abuse by an alcoholic father, collectively “entitled to modest weight”).
{¶ 152} This court has “ ‘seldom given decisive weight to’ a defendant’s unstable or troubled childhood.” State v. Perez, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 245, quoting State v. Hale, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 265.
{¶ 153} There is nothing mitigating about the nature and circumstances of the murder of Shanon Marks. Johnson prepared for the crime by wearing gloves to avoid leaving fingerprints, armed himself with a baseball bat which he intended to use as a weapon, entered the home by stealth, used the bat to kill Shanon, and struck her with enough force to fracture her skull and a bone in her left forearm, rupture her right eye, tear one of her ears, and cause lethal lacerations in her brain. He then emptied the contents of her purse to “make it look like a robbery,” stole her money, ignored her cries for help, and left her to die on a bathroom floor while he disposed of the evidence to avoid being connected to the attack.
{¶ 154} The majority errantly compares this case to an outlier case, State v. Tenace, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, in which this court, in a split decision, vacated a sentence of death, holding that an R.C. 2929.04(A)(7) aggravating circumstance did not outweigh the mitigating factors, emphasizing the defendant’s history and background. Id. at ¶ 101-103,106.
{¶ 155} Tenace is distinguishable from this case because Johnson’s unfortunate family history does not rise to the level of depravity experienced by Troy Tenace, who was forced to watch the sexual abuse of his sister for approximately 15 years and whose mother sold him as a child to adult males for sexual purposes in *546 addition to helping him and his siblings burglarize stores and homes. Tenace at ¶ 70, 84, 87, 102. Tenace’s earliest memory was of his mother’s face coming through a motel window. Id. at ¶ 86. His parents each kidnapped him during a drawn out custody fight. Id. at ¶ 102. His mother, a drug addict, attempted suicide several times and spent six weeks in a mental hospital. Id. at ¶ 101. Tenace suffered from posttraumatic stress disorder, depression, substance dependence disorder (in particular with cocaine), and antisocial personality disorder. Id. at ¶ 93-95.
{¶ 156} Johnson’s history, character, and background does not rise to the sort of family upbringing Tenace experienced. Rather, this case is more analogous to State v. Spivey, 81 Ohio St.3d 405, 692 N.E.2d 151 (1998), and State v. Raglin, 83 Ohio St.3d 253, 272-273, 699 N.E.2d 482 (1998).
{¶ 157} Warren Spivey broke into Veda Eileen Vesper’s residence, attacked her with a knife or knives, inflicted multiple stab wounds, beat her to death, robbed her of jewelry and other personal property, and fled in her automobile. Spivey at 405. We held that the state proved one R.C. 2929.04(A)(7) aggravating circumstance beyond a reasonable doubt. Id. at 420. The nature and circumstances of the offense in Spivey revealed nothing of mitigating value, and the only applicable mitigating factors were the offender’s history and background, youth (age 19 at the time of the offense), and psychological problems (attention deficit disorder, alcohol and marijuana abuse/possible dependency, borderline personality disorder with schizoid and antisocial features). Id. at 422, 424, 428.
{¶ 158} Spivey “was plagued by physical and mental problems or deficiencies, had difficulties in school, suffered parental rejection at an early age, was raised in an unsupportive family environment, was treated as an outcast by certain family members, was physically and verbally abused by his parents, and was sexually abused on at least one occasion.” Id. at 424. His mother resented his medical and behavioral problems to the point that she stopped seeking medical treatment for his seizures, which as he matured, began to manifest themselves in forms of rage and anger. Id. at 420. This court affirmed his sentence of death. Id. at 429.
{¶ 159} Walter Raglin approached Michael Bany from behind in a parking lot, pulled out a .380 semiautomatic pistol, demanded and received Bany’s cash— $60 — inquired as to whether Bany’s vehicle had an automatic or manual transmission, and when Bany failed to answer and turned toward Raglin, he shot Bany in the side of the neck, killing him. Raglin at 254. We held that the state proved one R.C. 2929.04(A)(7) aggravating circumstance beyond a reasonable doubt. Id. at 266-267. The nature and circumstances of the offense revealed nothing of mitigating value; the applicable mitigating factors were the offender’s history *547 and background, youth (age 18 at the time of the offense), expressions of remorse and sorrow, cooperation with police, and the fact that Raglin may have, due to a mental disease or defect, lacked the capacity to conform his conduct to the requirements of the law. Id. at 272-273.
{¶ 160} Raglin “lacked appropriate parental support and guidance, his family life was chaotic, the conduct of his mother was reprehensible, and the resulting situations [he] was subjected to during his formative years [were] nothing short of atrocious.” Id. at 272. He lived in homes characterized by extreme filth and inadequate facilities. Id. at 267. His father was incarcerated on several occasions for drug-related offenses. Id. His mother often abandoned him and his siblings for days or a week at a time and spent some nights in jail for prostitution. Id. The major bonding between Raglin and his mother during his childhood centered on alcohol and drug use. Id. at 269. When Raglin was around age nine, his mother permitted him to drink alcohol and smoke cigarettes and began to have him steal money to support her drug habit. Id. at 267. During his preteen years, Raglin accompanied his mother to drug deals as a form of protection for her. Id. at 268.
{¶ 161} Although the combined mitigating factors in Raglin were “stronger than the mitigation we typically see in some appeals involving the death penalty,” we affirmed the sentence of death. Id. at 274, citing Spivey.
{¶ 162} Johnson, Raglin, and Spivey all committed their offenses before they reached 20 years old. All three men had troubled childhoods. Like Spivey, Johnson experienced parental rejection and physical abuse. And like Raglin, Johnson suffered from the substance abuse by the adults in his life. The major bonding between Johnson and his mother centered on drugs and alcohol, and his mother encouraged him to engage in criminal behavior.
{¶ 163} In Spivey and Raglin, the offenders’ youth, history, and other mitigating factors did not overcome a single R.C. 2929.04(A)(7) aggravating circumstance. Spivey at 429; Raglin at 274. Here, there are two aggravating circumstances: Johnson committed aggravated murder during the course of an aggravated burglary and an aggravated robbery and Johnson was the principal offender in murdering his neighbor by beating her with a baseball bat. He left Shanon crying for help and without medical attention, having struck her from behind and inflicted massive head injuries. The aggravating circumstances are entitled to significant weight.
{¶ 164} The mitigating factors, however, are entitled to nominal, little, weak, or modest weight according to our case law, and the combination of mitigating factors is insufficient to overcome the great weight of the aggravating circum *548 stances in this case. The analysis offered by the majority is not persuasive, and its reliance on Tenace is misplaced because that case is factually distinguishable from the mitigation present here and it ignores that our precedent affords little weight to the mitigating factors present in this case.
Joseph T. Deters, Hamilton County Prosecuting Attorney, and Ronald W. Springman Jr., Assistant Prosecuting Attorney, for appellee.
Timothy Young, Ohio Public Defender, Linda Prucha, Supervisor, Death-Penalty Division, and Tyson Fleming and Daniel Jones, Assistant Public Defenders, for appellant.
{¶ 165} The aggravating circumstances Johnson was found guilty of committing outweigh the mitigating factors in this case beyond a reasonable doubt.

Appropriateness and Proportionality

{¶ 166} The death penalty is not excessive punishment in this case and is proportionate to death sentences imposed in other cases. Johnson, 88 Ohio St.3d at 123, 723 N.E.2d 1054. See Spivey, 81 Ohio St.3d 405, 692 N.E.2d 151; Raglin, 83 Ohio St.3d 253, 699 N.E.2d 482.
Conclusion
{¶ 167} The evidence presented in this case supports the jury’s finding of two aggravating circumstances, i.e., Johnson was the principal offender in the commission of an aggravated murder while committing aggravated burglary and aggravated robbery. The aggravating circumstances outweigh the mitigating factors beyond a reasonable doubt, and the sentence of death is not excessive and is proportionate to the penalty affirmed in similar cases.
{¶ 168} For these reasons, I would affirm the judgment of the trial court and its imposition of sentence in this case.
Kennedy and French, JJ., concur in the foregoing opinion.