DECISION
This is an appeal by plaintiff, State Farm Fire and Casualty Company, from a judgment of the Ohio Court of Claims in favor of defendant, Ohio Department of Transportation.
On January 14, 1997, plaintiff filed a complaint against defendant alleging negligence. In the complaint, plaintiff averred that it was the insurer of Heather Jeska, pursuant to an underinsured motorist provision. Plaintiff's complaint alleged that, on January 17, 1995, Jeska was involved in a motor vehicle collision occurring at the intersection of U.S. Route 20 and State Route 601 in Huron County, Ohio. Plaintiff asserted that defendant's negligence in the placement and/or maintenance of a stop sign was the proximate cause of the collision.
On June 30, 1997, plaintiff filed a motion for summary judgment against the defendant. On July 25, 1997, defendant filed a memorandum contra plaintiff's motion for summary judgment and a cross-motion for summary judgment. In its motion, defendant asserted that, based upon the provisions of R.C. 2745.02(D), plaintiff's suit should be dismissed "as there is no right of an insurance company to recover in the Ohio Court of Claims against the State of Ohio for collateral benefits which they have paid." By entry filed on September 2, 1997, the trial court overruled both motions for summary judgment.
The case was bifurcated for trial, and the matter came for trial before the court on December 3, 1997 on the sole issue of liability. By decision filed October 7, 1998, the trial court found that plaintiff failed to prove, by a preponderance of the evidence, that defendant negligently designed or maintained a stop sign; the court further found that plaintiff failed to prove that defendant created a public nuisance by its placement of the stop sign.
Plaintiff filed an appeal from the judgment of the trial court. InJeska v. Ohio Dept. of Transp. (Sept. 16, 1999), Franklin App. Nos. 98AP-1402 and 98AP-1443, unreported, this court reversed the judgment of the trial court and remanded for further proceedings, finding that the judgment was against the manifest weight of the evidence.
Following this court's remand, the defendant, on April 14, 2000, filed with the trial court a motion to dismiss, relying upon this court's decision in Community Ins. Co. v. Ohio Dept. of Transp. (2000),137 Ohio App.3d 728. In Community Ins. Co., this court held that, pursuant to R.C. 2743.02(D), an insurer had no subrogation right against the Ohio Department of Transportation based upon payment of the victim's medical and hospital expenses. By judgment entry filed on June 5, 2000, the trial court granted defendant's motion. In its entry, the trial court noted that, "subsequent to the entry of judgment in favor of plaintiff on the issue of liability, the Tenth District Court of Appeals issued its opinion and judgment entry in Community Insurance * * * and held that a subrogated insurance carrier has no right of relief against the State of Ohio." The trial court thus vacated its entry of January 28, 2000, and entered judgment in favor of defendant.
On appeal, plaintiff sets forth the following four assignments of error for review:
 I. THE LOWER COURT ERRED BY AGAIN CONSIDERING THE ISSUE OF WHETHER AN INSURER MAY ASSERT A SUBROGATION ACTION AGAINST THE STATE OF OHIO AFTER A FINAL JUDGMENT HAD BEEN RENDERED ON THAT ISSUE. THE JUDGMENT, WHICH WAS NOT APPEALED BY THE OHIO DEPARTMENT OF TRANS-PORTATION, WAS THE "LAW OF THE CASE."
 II. THE TRIAL COURT ERRED BY FAILING TO PROCEED ON REMAND SOLELY FROM THE POINT WHERE THE ERROR OCCURRED. IN THIS CASE, THAT WOULD HAVE BEEN FROM THE POINT WHERE ALL ISSUES RE-GARDING THE LIABILITY OF ODOT WERE ESTABLISHED AND THE SOLE REMAINING ISSUE WAS STATE FARM'S DAMAGES.
 III. EVEN IF THE PRIOR UNAPPEALED DECISIONS WERE NOT THE "LAW OF THE CASE", THE TRIAL COURT STILL ERRED IN RULING THAT STATE FARM HAD NO RIGHT TO ASSERT ITS CONTRACTUAL AND STATUTORY SUB-ROGATION RIGHTS AGAINST THE OHIO DEPARTMENT OF TRANSPORTATION.
 IV. THE COURT OF CLAIMS' DECISION TO PREVENT STATE FARM FROM PURSUING ITS SUBROGATION RIGHTS WAS AN UNCONSTITUTIONAL TAKING OF PROPERTY WITHOUT JUST COMPENSATION IN VIOLATION OF STATE FARM'S DUE PROCESS RIGHTS.
Plaintiff's first and second assignments of error are interrelated and will be discussed together. Plaintiff's primary contention is that the trial court, following this court's earlier remand, erred in allowing defendant to relitigate the issue of whether an insurer may assert a subrogation action against the state when a final judgment on that issue had already been entered adverse to defendant and no appeal was taken.
Plaintiff notes that, after the case was initially filed, defendant filed a motion for summary judgment, arguing that the trial court should dismiss plaintiff's subrogation claim based on defendant's contention that R.C. 2743.02(D) precluded insurers from bringing subrogation actions against the state. The trial court overruled defendant's motion for summary judgment by entry filed on September 2, 1997. Plaintiff further notes that, during the trial of this matter, defendant made an oral motion, again raising the argument that the court should dismiss plaintiff's subrogation claim because of a statutory prohibition against such claims against the state. The record indicates that the trial court overruled defendant's motion from the bench.
As noted under the facts, plaintiff subsequently filed an appeal from the trial court's judgment finding that plaintiff had failed to prove negligence on the part of the defendant. Plaintiff argues that the defendant had the opportunity, at that time, to file a cross-appeal from the trial court's denial of defendant's motion for summary judgment and motion to dismiss, both motions being based on defendant's contention that R.C. 2743.02(D) prohibited insurers from pursuing subrogation claims against the state. Plaintiff asserts that, based on the law of the case, defendant's failure to file a cross-appeal precluded defendant from further litigating that issue following this court's remand.
In general, the "law of the case" doctrine stands for the proposition that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan
(1984), 11 Ohio St.3d 1, 3. The Ohio Supreme Court has noted that, "the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution."Hubbard ex rel. Creed v. Sauline (1996), 74 Ohio St.3d 402, 404. Further, the Ohio Supreme Court has held that "the doctrine of law of the case precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, or available to be pursued, in a first appeal." Id. at 404-405.
App.R. 3(C)(1) provides that:
 * * * A person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order or, in the event the judgment or order may be reversed or modified, an interlocutory ruling merged into the judgment or order, shall file a notice of cross appeal within the time allowed by App.R. 4.
In Horner v. Toledo Hosp. (1993), 94 Ohio App.3d 282, 289, the court discussed the relationship between the entry of final judgment and issues in a claim that were previously adjudicated, stating as follows:
 "The * * * court has complete control over its interlocutory orders until the entry of a final judgment into which they are merged. An appeal from the final judgment would, therefore, bring up all interlocutory rulings affecting the rights finally adjudicated. * * * All interlocutory orders and decrees are merged in the final judgment." 9 Moore [Federal Practice (1992)], supra, at 194-196, Section 110.18 * * *.
See, also, Bard v. Society Natl. Bank (Sept. 10, 1998), Franklin App. No. 97APE11-1497, unreported ("all interlocutory orders and decrees are merged into the final judgment, and as such, an appeal from the final judgment brings up all interlocutory rulings so merged with it").
In the present case, defendant's motion for summary judgment and motion to dismiss were both based on the argument that an insurer may not maintain a subrogation claim against the state. Thus, defendant previously litigated the issue of whether plaintiff could maintain a subrogation claim against the state when defendant filed for summary judgment and lost; further, defendant again raised the issue in its oral motion to dismiss at trial, which the court denied from the bench. Here, the decision of the trial court denying the motion for summary judgment (although usually not appealable because it is an interlocutory decision), and the court's decision overruling the motion to dismiss, merged into the judgment ultimately rendered by the court on June 5, 2000. However, when plaintiff appealed from the court's judgment, defendant did not cross-appeal the trial court's adverse rulings on the motions for summary judgment and dismissal.
Upon review, we agree with plaintiff that, assuming defendant wanted to change those interlocutory rulings in the event the judgment into which the rulings were merged should be reversed, defendant should have filed a notice of cross-appeal at the time of plaintiff's appeal. Because defendant had the opportunity to cross-appeal the denial of summary judgment and denial of the motion to dismiss but failed to do so, we further agree with plaintiff those unchallenged rulings became the law of the case. Thus, the only issue before the trial court following this court's remand involved the remaining issue of damages, and we conclude that the trial court erred in revisiting the issue of plaintiff's right to assert a subrogation claim.
Accordingly, plaintiff's first and second assignments of error are sustained.
In light of our disposition of the first and second assignments of error, the issues raised under plaintiff's third and fourth assignments of error are rendered moot.
Based upon the foregoing, plaintiff's first and second assignments of error are sustained, plaintiff's third and fourth assignments of error are rendered moot, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings in accordance with law and consistent with this opinion.
 _________________ DESHLER, J.
BRYANT, P.J., and BOWMAN, J., concur.